STATE of Iowa, Appellee,

v.

Charles Homer McNABB, Appellant.

No. 58491.

Supreme Court of Iowa.

April 14, 1976.
Rehearing Denied June 22, 1976.

John W. Logan, Council Bluffs, for appellant.

Richard C. Turner, Atty. Gen., David L. Brown, Asst. Atty. Gen., Lyle A. Rodenburg, County Atty., David E. Richter, Deputy County Atty., for appellee.

Heard before MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Defendant appeals the trial court's determination he was not an accommodation deliverer under § 204.410, The Code. We affirm the trial court.

Charles Homer McNabb (defendant) pled guilty to the crime of delivery of a controlled substance (amphetamines) in violation of § 204.401, The Code. He requested an accommodation hearing pursuant to § 204.410, The Code. That section provides:

"Any person who enters a plea of guilty to or is found guilty of a violation of section 204.401, subsections 1 or 2, may move for and the court shall grant a further hearing [at which evidence may be presented by the person, and by the prosecution if it so desires,] relating to the nature of the act or acts on the basis of which the person has been convicted. If the convicted person [establishes by clear and convincing evidence that he] delivered or possessed with intent to deliver a controlled substance *only as an accommodation to another individual and not with intent to profit thereby nor to induce the recipient or intended recipient of the controlled or counterfeit substance to become addicted to or dependent upon the substance*, the court shall sentence the person as if he had been convicted of a violation of section 204.401, subsection 3." (Emphasis added.)

In *State v. Monroe*, 236 N.W.2d 24, 36–37 (Iowa 1975) we excised the portions of the section which are shown above in brackets. Contrary to defendant's contention on oral submission of the appeal, he does not come under our holding in *Monroe*. At no time did defendant raise before the

trial court the challenge we considered in *Monroe*. Because the questions were not preserved he is not free to challenge for the first time on appeal the burden of proof of accommodation or to claim a right to trial by jury. *Monroe*, 236 N.W.2d at 39.

At the time of the offense defendant's father was a truck driver who spent long hours on the road. Defendant said he bought 200 "white cross" pills, paying $20 per hundred, in the belief his father wished to have them in order to stay alert while driving. Defendant gave the pills to his father who then told him he had not really meant what he said and that he had no use for the pills.

A few days later defendant's mother found the pills in the father's dresser drawer. She said they were a danger to everyone in the family and threatened to flush them down the drain. Defendant told his mother he had spent a lot of money for the drugs and wanted to try to recoup his money. His mother agreed he could have a few days to do so.

Details of defendant's sale of the drugs are not entirely clear. Defendant testified he "met this McDowell" and inquired if McDowell wanted to buy the 200 amphetamines. McDowell said he wanted 500 for a cousin who was interested in purchasing them. Defendant purchased an additional 300 pills from Randy Dingman who had sold him the original 200. They were also purchased for $20 per hundred. All 500 pills were sold to McDowell at $20 per hundred. Defendant kept $40 and took the rest of McDowell's payment back to Dingman.

It appears from the minutes attached to the county attorney's information "McDowell" is special agent William Missman of the department of public safety. The minutes show Missman would have testified he purchased the pills for $20 per hundred from defendant and that defendant refused to take any less for them.

Defendant testified he did not purchase the pills for his own use and did not sell them for the purpose of making another person dependent upon them. He stated he had never sold drugs to maintain his livelihood.

The question presented by the appeal is whether defendant was or was not an accommodation deliverer under § 204.410, The Code. It will be necessary to define accommodation within the meaning of that section.

I. The trial court's finding defendant was not an accommodation seller was based on a determination defendant had avoided a loss by recouping his purchase price. The trial court expressed the belief McNabb had only accommodated himself by the sale whereas the statute requires "accommodation to another individual."

Defendant contends there are two elements to an accommodation offense under § 204.410, The Code: (1) the delivery is not for profit, and (2) the delivery is not made to addict or create a drug dependency in the recipient. He argues that the terms "accommodation sales" and "sales not for profit" have been used interchangeably, citing *State v. Quanrude*, 222 N.W.2d 467 (Iowa 1974) and *State v. Vietor*, 208 N.W.2d 894 (Iowa 1973).

The State does not deny defendant's assertion there are two elements in an accommodation status. It makes no claim the delivery in this case had to do with creating dependency in the recipient. Rather the State's argument is directed toward the "delivery not for profit" element. The State urges a line must be drawn between drug pushers and those persons who deliver drugs without "realizing remuneration in the transaction." The State urges profit, under the statute, means remuneration.

█ In construing statutes we search for legislative intent. We do so on the basis of what the legislature said, rather than what it should or might have said. Rule 344(f)(13), Rules of Civil Procedure.

We reject the contentions of both parties. The statute lists neither two nor three elements for accommodation status. Rather it first announces a separate, lesser punishment where the offense was committed as an accommodation to another. Thereafter

the legislature contrasts two of the possible examples where accommodation clearly does not exist.

■ The words " * * * only as an accommodation to another individual * * * " as used in this section mean to furnish, as a favor to the recipient, something the recipient desires.

■ The facts in the instant case plainly exclude defendant from this definition. The furnishing of the pills was motivated by defendant's desire to recoup his money; it was not done as a favor to the recipient. Defendant was not an accommodation deliverer.

■ II. It was not necessary under these facts to show defendant sold the pills for a profit or that he sold them for the purpose of making another person dependent upon them. In either event such a showing would have been in itself sufficient to establish defendant was not an accommodation deliverer. But under the statute it was not necessary to make such a showing where the facts otherwise establish defendant did not fall within the definition.

■ For the benefit of the bench and bar we should define profit for those situations where proof of a "delivery for profit" is utilized to demonstrate a defendant's status as a nonaccommodation offender. In such situations we believe the word "profit" takes its ordinary dictionary meaning. In the instant case it means the excess of returns over expenditures in a given transaction or series of transactions.

For the reasons explained in division I the trial court ruled properly in finding the defendant was not an accommodation deliverer.

AFFIRMED.