**UNITED STATES of America, Appellee,**

v.

**Kenneth Wayne PAGE, Appellant.**

**No. 76–1612.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1976.
Decided Nov. 23, 1976.

John R. Hearn, Des Moines, Iowa, for appellant.

John M. Fitzgibbons, Asst. U. S. Atty., Des Moines, Iowa, for appellee; Allen L. Donielson, U. S. Atty., Des Moines, Iowa, on brief.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

Kenneth Wayne Page appeals from his conviction following a jury trial for interstate transportation of a stolen motor vehicle. In this appeal appellant contends that the district court[1] committed error in failing to dismiss the indictment for pre-indictment delay and lack of speedy trial and also in admitting into evidence a lease agreement involving the stolen automobile. For the reasons stated below, we affirm.

Appellant Page was charged in a one-count indictment with transporting in interstate commerce a stolen motor vehicle from Mississippi to Iowa in violation of 18 U.S.C. § 2312. The offense was alleged to have occurred on or about December 8, 1974, at which time Page was arrested in Story County, Iowa, in possession of the stolen automobile by a local law enforcement official. Appellant admitted to one official that he had stolen the auto at knifepoint in Mississippi, and to another official that he knew the auto was stolen. Thereafter, appellant signed a waiver of extradition and was returned to Mississippi where he was imprisoned on unrelated charges. The government contends that its active field investigation continued until September 26, 1975, because the victim of the alleged offense could not be located previously. The

---

1. The Honorable William C. Stuart, United States District Judge for the Southern District of Iowa.

indictment was filed on December 18, 1975. At the time the indictment was returned, Page was incarcerated in the Mississippi State Penitentiary on a state burglary charge. On April 22, 1976, while still in prison, Page filed a pro se motion to dismiss the federal indictment on the ground that he was denied his right to a speedy trial in violation of the Speedy Trial Act of 1974. On April 26, 1976, the government requested from the district court an order that would bring Page to the Southern District of Iowa from prison in Mississippi. Page was arraigned on May 3, 1976, and he entered a plea of not guilty to the instant charge.

The trial before a jury began on June 21, 1976. The evidence adduced at trial revealed that on the evening of November 22, 1974, Burl D. Coffelt was drinking in a cocktail lounge in Gulfport, Mississippi, when he was introduced to Kenneth Wayne Page. They proceeded to play pool and visit various drinking establishments in the Gulfport area. According to Coffelt, both men entered his rented 1975 four-door Ford automobile at some time later in the evening. Coffelt testified that Page then placed a gun to Coffelt's head, gave instructions to drive north out of Gulfport toward a desolate area of rural Mississippi, and ultimately stole Coffelt's cash, personal valuables, and automobile.

On December 8, 1974, a deputy marshal in Huxley, Iowa, came into contact with Page in a parking lot where Page was observed driving a 1975 green Ford automobile with Mississippi license plates. As a result of a license check on the vehicle, Page was arrested. Following his arrest, Page revealed to local law enforcement officials that he had stolen the car in Mississippi. Based on this and other evidence, the jury returned a verdict of guilty, and the trial court sentenced Page to five years imprisonment.

I.

We consider initially appellant's contention that the district court erred in refusing to dismiss the charge against Page because

of pre-indictment delay between December 8, 1974, the date of arrest, and December 18, 1975, the date of indictment. The relevant delay in this case is slightly more than 12 months. The district court conducted pretrial evidential hearings and specifically found that the governmental pre-indictment delay was reasonable, as justified by a proper effort to locate a key witness. The trial court further found that the defendant had not made an adequate showing of prejudice.

In *United States v. Marion*, 404 U.S. 307, 324–26, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the Supreme Court recognized that governmental pre-prosecution delay may violate a defendant's right to due process under the Fifth Amendment. Under *Marion* the determination of improper delay involves a process of balancing the reasonableness of the delay against any resultant prejudice to the defendant. *United States v. Quinn*, 540 F.2d 357, 360–62 (8th Cir. 1976); *United States v. Jackson*, 504 F.2d 337, 339 (8th Cir. 1974), *cert. denied*, 420 U.S. 964, 95 S.Ct. 1356, 43 L.Ed.2d 442 (1975). The test for determining prejudicial impact is whether the delay "has impaired the defendant's ability to defend himself." *United States v. Golden*, 436 F.2d 941, 943 (8th Cir.), *cert. denied*, 404 U.S. 910, 92 S.Ct. 236, 30 L.Ed.2d 183 (1971). The trial court's finding as to the existence and extent of prejudice must stand unless clearly erroneous. *United States v. Quinn*, *supra*, 540 F.2d at 361.

After a thorough review of the record, we conclude that the defendant has failed to demonstrate a showing of prejudice sufficient to require dismissal of the indictment. Appellant's only claim of prejudice is that he was unable to locate a female bartender who allegedly worked at the cocktail lounge where Burl D. Coffelt first met Kenneth Page. Appellant claims that the witness could have testified concerning a conversation between Page and Coffelt during which Coffelt told Page that someone had stolen Coffelt's gun. In contrast, Coffelt testified at trial that Page used this same gun to commit the robbery.

The district court, after considering Page's testimony about this apparent witness, stated:

> I find that the Defendant has not made a sufficient showing of prejudice. First of all, there is some question as to whether or not the witness exists. If she does exist, the record is far from clear as to what her testimony would be if she could testify, and what it would be. And it would be speculative, at the best, as to what the evidence might be. Fourthly, if she did testify, as indicated during the hearing, its relevance is at least peripheral as far as the particular charges concerned. And in my opinion, balancing the reasonableness of delay with the resulting prejudice, it clearly weighs in favor of the Government.

The district court's finding with respect to the absence of prejudice is supported by the evidence. For example, Page testified that he did not know the bartender's name; she was not a good friend of his; and he had talked with her on only a few occasions. Moreover, it is clear that the existence of prejudice must be shown by more than the unavailability of *any* witness. *See United States v. Quinn, supra,* 540 F.2d at 361–62. Instead, the missing witness must be one who could have supplied *material* evidence for the defense. *See United States v. Naftalin,* 534 F.2d 770, 773 (8th Cir. 1976); *United States v. Lovasco,* 532 F.2d 59, 62 (8th Cir.), *cert. granted,* —— U.S. ——, 97 S.Ct. 233, 50 L.Ed.2d 164 (1976). There is no intimation in the instant case that the "unavailable witness" could have supplied any information which might constitute a defense or rebut any necessary element of the offense. *See* 18 U.S.C. § 2312.

In addition, the record reveals substantial evidence indicating that the government's delay of prosecution was reasonable. The 12-month delay in the instant case was the result of unsuccessful attempts by the FBI to locate the victim and key witness, Burl Coffelt, whose whereabouts were previously unknown. FBI Agent David Nunn testified concerning the extensive, although relatively unsuccessful, efforts made to locate Coffelt, who eventually was found and interviewed by the FBI on September 26, 1975. The facts underlying the instant case could have involved a number of serious crimes aside from the Dyer Act, 18 U.S.C. § 2312, such as assault and kidnapping. On the other hand, Coffelt's story, which *inter alia* indicated that there had been substantial drinking, was inherently suspect and it was prudent, if not compulsory, prosecutorial conduct for the government to delay the indictment until Coffelt could be located and interviewed. *See United States v. Emory,* 468 F.2d 1017, 1019 (8th Cir. 1972). In summary, the record does not disclose either unreasonable or prejudicial pre-indictment delay.

## II.

Appellant also contends that the trial court erred in failing to dismiss the indictment because of the lack of a speedy trial. Page experienced approximately a four and one-half month delay between his indictment on December 18, 1975, and his arraignment on May 3, 1976. The trial court found that the delay was reasonable under the circumstances and that, in any event, defendant had not made a sufficient showing of prejudice.

The Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 530–34, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), recognized that a defendant's Sixth Amendment right to a speedy trial must be determined on an *ad hoc* balancing basis after consideration of such factors as the length of delay, the reason for delay, the defendant's assertion of his right, and prejudice to the defendant. *See, e. g., United States v. Weber,* 479 F.2d 331, 332 (8th Cir. 1973).

When the balancing test set out in *Barker* is applied to the facts in the instant case, we are convinced that appellant was not deprived of the right to a speedy trial. First, the four and one-half month period between indictment and arraignment, while undesirable, nonetheless was not an unusually long delay. This court has held on several occasions that delays longer than four and one-half months did not constitute

denial of a speedy trial. *See United States v. Rucker*, 496 F.2d 1241, 1243 (8th Cir.), *cert. denied*, 419 U.S. 965, 95 S.Ct. 227, 42 L.Ed.2d 181 (1974); *United States v. Phillips*, 482 F.2d 191, 195 (8th Cir. 1973). Second, it is clear that the reason for the delay was not a deliberate attempt to hamper the defense, but rather resulted from a mere lack of communication between the United States Marshal's office in Mississippi and the United States Attorney's office in the Southern District of Iowa. On December 18, 1975, the indictment was returned against Page and an arrest warrant issued. On December 29, 1975, a detainer was placed by the United States Marshal in Mississippi against Page who was incarcerated in the Mississippi State Penitentiary. However, the United States Attorney's office in Iowa was not advised of these circumstances and the detainer until April 22, 1976, when Page filed his pro se motion to dismiss the indictment. Subsequent to the filing of this motion, the government acted promptly to bring the defendant to Iowa for trial. The reason for the delay constituted mere negligence, at most, and should not be weighed heavily against the government. *See Barker v. Wingo, supra*, 407 U.S. at 531, 92 S.Ct. 2182. Third, the extent of assertion of the speedy trial right is not a factor that works to the advantage of either side in this case. Appellant filed his motion to dismiss on April 22, 1976, four months following indictment, and the government acted only a few days later, on April 26, 1976, to initiate trial proceedings. *See United States v. Baumgarten*, 517 F.2d 1020, 1024 (8th Cir. 1975). Finally and most significantly in this case, it does not appear that the delay resulted in any actual prejudice to appellant. In this connection, the Supreme Court has identified as the purpose of the speedy trial right:

> (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.

*Barker v. Wingo, supra*, 407 U.S. at 532, 92 S.Ct. at 2193 (footnote omitted). Appellant was already in the Mississippi penitentiary on a state burglary charge at the time the federal indictment was returned, and any augmentation of his pretrial incarceration was minimal if not nonexistent.[2] The record does not contain evidence indicating anxiety or concern. *See United States v. Skillman*, 442 F.2d 542, 557 (8th Cir.), *cert. denied*, 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971). Furthermore, as already discussed, failure to expedite appellant's trial could not have impaired the defense in any material manner. *See Part I, supra*.[3]

## III.

◼ Finally, appellant asserts that the trial court erred in admitting into evidence a lease agreement involving the stolen automobile. In October 1974 Burl Coffelt entered into a contract to rent a green 1975 four-door Ford automobile from Bubba Oustalet Ford in Gulfport, Mississippi. This lease agreement was identified and described at trial by Steven Byrne, the business manager and custodian of the records of Bubba Oustalet Ford. Byrne testified that he was the custodian of the business records of Oustalet Ford; the car rental contract was an official business record; the record

---

**2.** Page claims that while incarcerated in the Mississippi penitentiary he was further restricted and lost privileges as a consequence of the federal detainer placed against him. This claim is speculative and, in any event, does not suggest cognizable prejudice.

**3.** Parenthetically, appellant asserts that the governmental delay between his indictment and trial was violative of the local plan governing the disposition of criminal cases in the Southern District of Iowa. This plan provides that an individual should be arraigned within 10 days if in custody, or within 20 days if not in custody, from the filing of the charge. The plan also imposes on the United States Attorney the duty to bring to trial promptly a prisoner serving a term of imprisonment in another jurisdiction. We do not condone the governmental failure in the instant case to comply with these rules. Nonetheless, the local rules do not compel dismissal of prosecution for noncompliance with the time requirements, but merely empower the trial court to do so. For the reasons discussed above, we conclude that it was not improper for the district court to deny dismissal in this instance.

was made at the time of the transaction; and the rental agreement was a standard form regularly executed for every rental customer. The exhibit was properly admitted in evidence pursuant to the business record exception to the hearsay rule. *See* Fed.R.Evid. 803(6).

■ Appellant's objection to the admission into evidence of the lease agreement is based, in part, on the contention that there is no evidence showing that Byrne had any personal knowledge as to the circumstances involved in the preparation of the agreement. We disagree. In admitting an exhibit into evidence pursuant to Fed.R.Evid. 803(6), it is unnecessary that the identification witness have personal knowledge of the actual creation of the document. *See United States v. Pfeiffer*, 539 F.2d 668, 670–71 (8th Cir. 1976); *United States v. Gross*, 416 F.2d 1205, 1213–14 (8th Cir. 1969), *cert. denied*, 397 U.S. 1013, 90 S.Ct. 1245, 25 L.Ed.2d 427 (1970); *Woodring v. United States*, 376 F.2d 619, 622 (10th Cir.), *cert. denied*, 389 U.S. 885, 88 S.Ct. 153, 19 L.Ed.2d 182 (1967). The absence or extent of personal knowledge regarding preparation of a business record affects the weight rather than the admissibility of the evidence. *See United States v. Gross, supra,* 416 F.2d at 1213–14.

Appellant also asserts that the rental agreement should not have been adduced in evidence because the circumstances underlying preparation of the document allegedly indicate a lack of trustworthiness. Specifically, appellant emphasizes that the document contains certain interlineations with respect to the automobile vehicle identification number and license number. In appellant's view, the trustworthiness of these identification numbers was crucial in proving the identity of the stolen vehicle, particularly with respect to the interstate transportation element of the offense, 18 U.S.C. § 2312.

■ Once again, we must reject appellant's contention for the reason that an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *Cf. United States v. Gerhart*, 538 F.2d 807, 809 (8th Cir. 1976); *Peter Kiewit Sons Co. v. Summit Constr. Co.*, 422 F.2d 242, 266–68 (8th Cir. 1969). Both the vehicle identification number and the license number, although somewhat obscured by interlineations at one place on the document, were written clearly on another space in the upper right-hand corner of the form. In addition, there is no evidence in the record intimating a motive to falsify by the preparer of the agreement.

■ The trial court has broad discretion in determining the admissibility of documents such as business records. *See e. g., United States v. Fendley*, 522 F.2d 181, 184 (5th Cir. 1975). The district court in the instant case carefully evaluated the trustworthiness of the rental agreement and, in fact, excised a portion of the form which could have been a prejudicial reference to the theft of the automobile. The court's determination of trustworthiness and admission of the document were entirely proper. In any event, any error in the admission of the exhibit would have been harmless. Mr. Coffelt's testimony indicated that his rented green four-door 1975 Ford automobile with Mississippi license number was stolen at gunpoint by Kenneth Page. The record reveals that Page was arrested in Iowa in possession of a green four-door 1975 Ford automobile with a Mississippi license number. Furthermore, after twice being advised of his *Miranda* rights, Page stated that he had stolen the car in Mississippi.

Affirmed.