**STATE of Iowa, Appellee,**

v.

**Roger BURRELL, Appellant.**

**No. 59412.**

Supreme Court of Iowa.

June 29, 1977.

Alfredo G. Parrish, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Richard H. Doyle, IV, Asst. Atty. Gen., and Ray A. Fenton, County Atty., Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

REES, Justice.

Defendant was charged on November 18, 1975 with two counts of delivery of heroin in violation of § 204.401(1), The Code, 1975. A jury found the defendant guilty of delivery, and failed to find the delivery was for accommodation. Defendant appeals.

On June 6, 1975 defendant sold to Robert Brown, a police informant, a quantity of heroin while narcotics agents observed the transaction. On June 7 Brown made another buy from defendant, although this incident was not directly observed by the police. Defendant challenges his conviction of these deliveries, assigning three errors which he claims entitle him to a reversal:

(a) The time elapsed between the occurrence of the offense and the indictment violated defendant's constitutional right to a fair trial.

(b) The prosecutor's inquiry into whether defendant had fathered a child of a defense witness who was not his wife entitled defendant to a mistrial due to the prejudicial effect on the jury.

(c) Trial court erred in admitting testimony relating to the breakdown and sale of heroin at the accommodation hearing.

I. Defendant contends that the delay between the sales of heroin and the filing of the information violated his right to a fair trial under the due process clause of the 5th Amendment. He does not assert any violation of his speedy trial rights under either the 6th Amendment or the Iowa statute, chapter 795, The Code, 1975. Defendant asserts that the five month period between the sales of heroin and the filing of the charges prevented him from adequately presenting his defense because it blurred his memory and deprived him of possible witnesses. He further asserts the State had no reason to delay in filing the charges.

█ Generally a person is protected against prosecution of stale charges by the statute of limitations. *United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468; United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); State v. Satterfield, 257 Iowa 1193, 136 N.W.2d 257 (1965).* However, in *Marion,* the United States Supreme Court recognized that the statute of limitations does not fully define a person's rights prior to indictment. The court observed that a delicate judgment of the circumstances in each case would be required to insure both the sound administration of justice and the rights of a defendant to a fair trial. See *Marion, supra,* 92 S.Ct. at 466. See also *United States v. Lovasco, —— U.S. ——,* 97 S.Ct. 2044, 52 L.Ed.2d 752.

A body of case law on the issue of preaccusatorial delay has developed in the federal courts. The 8th Circuit has approached the issue in several cases recently. It adopted a balancing test in which the trial court weighs the reasonableness of the delay against the prejudice to the defendant.

*United States v. Jackson, 504 F.2d 337,* cert. denied 420 U.S. 964, 95 S.Ct. 1356, 43 L.Ed.2d 442 (8th Cir. 1974); *United States v. Page, 544 F.2d 982 (8th Cir. 1976).*

Defendant must show he was actually prejudiced in defending himself by the delay in order to invoke the protection afforded by the due process clause. The court in *United States v. Golden, 436 F.2d 941, 943,* cert. denied 404 U.S. 910, 92 S.Ct. 236, 30 L.Ed.2d 183 (8th Cir. 1971), held that specific prejudice must be shown: "(A) mere claim of general inability to reconstruct the events of the period in question is insufficient to establish the requisite prejudice for reversal on denial of due process. (citations)." See also *United States v. Washington, 504 F.2d 346 (8th Cir. 1974); United States v. White, 488 F.2d 660 (8th Cir. 1973); United States v. Page, supra.*

In *Jackson, supra,* the court held that the trial court's determination of prejudice must stand unless clearly erroneous. See also *United States v. Page, supra; United States v. Barket, 530 F.2d 189,* cert. denied 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 282 (8th Cir. 1977).

█ The issue of preaccusatorial delay was presented in a pretrial motion to dismiss. We note that the identical motion was filed in 15 cases pending in Polk District Court, each bearing the same allegations of prejudice. No specific showings of prejudice were presented to the judge ruling on the motion. He properly overruled the motion. See *United States v. Marion, supra.*

█ We now review the record to see if the events at trial demonstrate actual prejudice to the defense which deprived him of a fair trial, although to preserve this error defendant should have presented the issue to the trial court. Defendant claims an inability to recall the events which prejudiced his defense. Yet defendant had no difficulty at the accommodation trial in reconstructing the events of June 5, 1975:

Q. Did you see Bobby Brown June 5?

A. Yes; I did.

Q. Tell the jury what you and he did on your birthday.

A. Oh, the night of June 5, I was in the Ebony. We were drinking and stuff, and Bobby come over and he was having some type conversation. I was telling him it was my birthday and I was going to a party and get high, and he told me he could get me some bad dope.

Q. What do you mean by "bad" dope? Not any good?

A. Some very good dope. That is what it means.

\* \* \* \* \* \*

Q. Where did he take you to? Whose house did he take you to?

A. He took me up on 18th Street.

Q. Do you know whose house he took you to?

A. Travis Fowler's.

\* \* \* \* \* \*

Q. \* \* \* (W)hat did you pay for this?

A. $25 for each, \* \* \*.

We find the defendant failed to present a plausible claim of inability to recall events, falling far short of a showing of specific impairment of his defense. He failed to show the specific absence of any witness, much less a witness who could supply material evidence on his behalf. See *United States v. Quinn,* 540 F.2d 357 (8th Cir. 1976).

Defendant alleged the prosecution deliberately delayed in filing the charges in order to secure a tactical advantage over the defendant. The trial court noted the five month delay was used to prepare and gather evidence in the many drug cases involved with defendant's; to decide whether Robert Brown, the informant, could be useful as a witness in light of his return to drug use; to investigate the background of defendant in preparation for the accommodation hearing, and to relocate the informant. We cannot find, as defendant contends, that the delay was intended to prejudice defendant or did, in fact prejudice him. The courts are concerned with the needs of society in prosecuting claims as well as the rights of the individual defendant. *United States v. Golden,* 436 F.2d 941, 945 (8th Cir. 1971). Some delay for investigation is necessary. *Golden, supra.*

We therefore find defendant's contention that the preaccusatorial delay violated his due process rights is without merit.

II. Defendant moved for a mistrial after the prosecuting attorney questioned a defense witness regarding the relationship between defendant and a previous defense witness. The prosecutor asked Maude Ewing if defendant was the father of a child of Barbara Williams. The court sustained the defense objection to the question and instructed the jury to disregard the question. Defendant moved for a mistrial due to the prejudice from the question and the court overruled the motion.

■ Prosecutor's motive for seeking to establish an intimate relationship between defendant and a witness was to show bias on the part of the witness. The trial court found the prosecutor acted in good faith in posing the question. Had the answer indicated that defendant had fathered a child of Williams, the defense would have been entitled to an instruction limiting the use of the statement to the credibility of the witness, and not to reflect on the character of the defendant. *Stansberry v. United States,* 219 F.2d 165 (5th Cir. 1955). However, since the court sustained the objection and admonished the jury, no instruction was requested or indicated.

■ Defendant contends the mere inquiry itself prejudiced the jury and precluded a fair trial. Defendant is entitled to a new trial only where it is manifest that the prejudicial effect remained with the jury. *State v. Peterson,* 189 N.W.2d 891, 896 (Iowa 1971). The trial court has considerable discretion in deciding whether or not a mistrial is warranted. *State v. Mattingly,* 220 N.W.2d 865, 870 (Iowa 1974); *State v. Johnson,* 183 N.W.2d 194, 198 (Iowa 1971). The general rule is that improper testimony, or in this case, prosecutorial inquiry, is not unduly prejudicial if the court admonishes the jury. *State v. Mattingly, supra.*

We do not find the question asked by the prosecutor so inflammatory or prejudicial as to bring a jury to disregard the court's instruction. We find no abuse of discretion in the trial court's denial of a mistrial.

III. At the accommodation hearing, Robert Brown testified as to how heroin is broken down and distributed on the street. Defendant objected to Brown's testimony, claiming the foundation for opinion testimony was lacking, and that remoteness in time of Brown's experience rendered his opinion invalid.

Opinion testimony is allowed if it will aid the jury in the discharge of its duties and is based on some special training, experience or knowledge of the witness. *State v. Peterson,* 219 N.W.2d 665, 673 (Iowa 1974). The determination of whether a witness has sufficient personal experience to render an opinion is within the discretion of the trial court. *State v. Walker,* 236 N.W.2d 292, 296 (Iowa 1976); *Peterson, supra,* 219 N.W.2d at 673.

Brown testified that he had seen heroin cut five or six times. The last observation took place in 1974, the year before the purchase from the defendant. The court admitted the opinion testimony on how heroin is broken down and distributed. Brown obviously was familiar with an area alien to the ordinary juror. His personal experience qualified him to describe practices in the drug culture involved in this case. We find no abuse of discretion in trial court's ruling.

Defendant also objected to the specific question regarding the profit to be made from dealing in heroin:

Q. What do you mean by bag?

A. Little plastic bags and they usually contain 25 sometimes 15 $25 bags to sell.

Q. Is there any profit that can be made in this?

MR. PARRISH: Objection. Invades the province of the jury. Prejudicial. It calls for the opinion and conclusion of the witness, no proper foundation.

The court overruled the objection. Defendant contends that this question and its answer conveyed the witness' opinion as to the guilt or innocence of the defendant on the accommodation element.

The question asked does not address the particulars of the case, but rather seeks to define a *modus operandi.* This court has approved the question which goes one step further, that is, did defendant's actions fit within the *modus operandi,* so long as the witness is not asked whether the defendant is innocent or guilty. *State v. Johnson,* 224 N.W.2d 617, 622 (Iowa 1974). The question in this case fits the category of opinion testimony, and as such was properly admitted.

Although we see no merit in the issue stated, defendant's objection that the question goes to his legal guilt or innocence was not preserved for appeal. The proper objection would be that the matter under inquiry was not a proper subject for opinion testimony. An objection that the opinion invades the province of the jury does not preserve the issue for appeal. *State v. Sheridan,* 247 N.W.2d 232 (Iowa 1976).

A general foundation objection does not preserve error, nor does the opinion and conclusion objection. *State v. Oppedal,* 232 N.W.2d 517, 524 (Iowa 1975).

We find no reversible error in the trial court's evidentiary rulings.

Defendant's assigned errors are without merit. We therefore affirm.

AFFIRMED.