STATE of Iowa, Appellee,

v.

Willie HERNDON, Appellant.

No. 59337.

Supreme Court of Iowa.

Aug. 31, 1977.

Robert A. Wright, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

REES, Justice.

Defendant was charged by county attorney's information filed November 18, 1975, with two counts of delivery of controlled substance, namely, cocaine, in violation of § 204.401, The Code, 1975. The jury in a subsequent accommodation hearing found the delivery was for profit and defendant was sentenced to the penitentiary for a term of not to exceed ten years for the first delivery offense occurring on May 12, 1975, and for a term of not to exceed ten years for the second offense allegedly having occurred on June 25, 1975, with the sentences running concurrently. We affirm the trial court.

The defendant was charged with having made sales and delivery of cocaine to a police informant, one Robert Brown, on two occasions, one on May 12, 1975, and the second on June 25, 1975. Defendant bases his appeal on the following three issues stated for review:

(a) Trial court erred in denying defendant's motion to dismiss because of the time elapsed between the occurrence of the two offenses and the filing of the county attorney's information violated defendant's constitutional right to a fair trial.

(b) Trial court erred in overruling defendant's motion for directed verdict or

new trial based on the record of the informer's allegedly perjured testimony, his admitted drug addiction and drug peddling and claimed inconsistent statements made by him.

(c) Trial court erred in overruling defendant's motion for a directed verdict in the accommodation hearing.

I. The issue of preaccusatorial delay was introduced in this case by the filing of a motion to dismiss. Similar motions were filed in 15 cases involving drug traffic in Polk County, and in all of the cases the motions involved claimed prejudice to the several defendants in general terms of deprivation of possible witnesses, the blurring of defendant's memory by passage of time, and the intent of the State to gain a tactical advantage by delaying the filing of the information.

■ There is no showing in the record of specific prejudice to the defendant other than as above claimed. We have addressed this same question in *State v. Burrell,* Iowa, 255 N.W.2d 119, 121–122. *Burrell, supra,* was one of the cases referred to above in which the motion to dismiss was filed. As we noted in *Burrell,* the defendant should have renewed the motion to dismiss with a specific showing of prejudice at the close of the evidence to enable the trial judge to assess the prejudicial effect of the delay, if any there were. Defendant, by failing to renew his motion to dismiss, failed to preserve the issue for review after the introduction of testimony. See *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

We note that the only specific allegation of prejudice claimed by the defendant in this appeal is the loss of a possible witness, one Travis Fowler, who died before the information was filed. The only reference to Travis Fowler in the record is in connection with the cross-examination of the defendant during the accommodation hearing. Herndon there testified Fowler was his source for the cocaine.

■ The unavailability of the witness Fowler was not mentioned in the motion to dismiss prior to trial, and defendant did at no time allege that Fowler, has he been available to testify, could have testified favorably to the defendant, but merely alleges that he was unavailable as a witness because of his death. In *Robinson v. United States,* 148 U.S.App.D.C. 58, 459 F.2d 847 (1972), the court refused to upset a conviction on the claim that defendant's deceased sister might have been able to help reconstruct the pattern of defendant's activities. The probability of damage to the defense was held insufficient to upset the conviction.

In *United States v. Norton,* 504 F.2d 342 (8th Cir. 1974), cert. den., 419 U.S. 1113, 95 S.Ct. 790, 42 L.Ed.2d 811, the Eighth Circuit Court of Appeals placed the burden on the government to show that a missing witness had no exculpatory evidence where the missing witness was a governmental informant, but held defendant must affirmatively show prejudice from the absence of the witness. In *Norton,* the court said:

"The record shows that the missing witness, James Green, only introduced the government agents who purchased the firearms to Quinn and Wilson. Agent Patterson testified at the hearing on the motion to dismiss that he did not know Green's whereabouts and that he had not been in contact with Green for approximately two months. *Neither defendant carried his burden of affirmatively showing prejudice from the absence of the informant.* There was no intimation that the informant could supply any information which might constitute a defense or rebut any necessary element of the offense. The government, on the other hand, adequately carried its burden of showing that the informant would have no basis for supplying exculpatory evidence."

The requirement in *Marion, supra,* of "substantial prejudice" means more than a mere showing of the unavailability of any witness. The missing witness must be one who could supply *material* evidence for the defense. *United States v. Naftalin,* 534 F.2d 770 (8th Cir. 1976). *United States v. Quinn,* 540 F.2d 357 at 361–362 (8th Cir. 1976).

Herndon did not testify at the main trial, but took the stand and testified at the accommodation hearing. His testimony at the accommodation hearing does not reflect any inability on his part to recall events. A general allegation of the dimming of his memory of the events involved in this case is not sufficient to show prejudice to him. See *State v. Burrell, supra.* And see, *United States v. Barket,* 530 F.2d 189 (8th Cir. 1976).

II. Defendant contends that the uncorroborated testimony of the police informant Brown is insufficient to support a verdict of guilty in light of what the defendant chooses to characterize as Brown's "questionable credibility". The credibility of witnesses is for the jury. *State v. Parkey,* 200 N.W.2d 518 (Iowa 1972). Furthermore, it appears from the record that Police Officer Dolan observed the actual sale of cocaine by defendant to Brown on one occasion and Dolan's testimony corroborated Brown's with regard to the other transaction.

A jury verdict can be overturned only if it is contrary to the weight of the evidence. See *State v. Overstreet,* 243 N.W.2d 880 (Iowa 1976); *State v. Reeves,* 209 N.W.2d 18 (Iowa 1973); *State v. Horrel,* 260 Iowa 945, 151 N.W.2d 526 (1967). We find no merit in defendant's contention in this particular.

III. Defendant also states as error the court's failure to instruct the jury that Brown, the informant, was a narcotic addict, and therefore unreliable. No exception was taken to the instructions as given in this regard, and no requested instruction in this area was presented to the court.

It is, of course, the duty of the court to instruct the jury fully on all of the issues. *State v. Tomlinson,* 243 N.W.2d 551 (Iowa 1976). The trial court gave a standard credibility instruction which covers this stated issue. Any objection by the defendant as to the form of the instruction was waived by his failure to take exception thereto or to request an instruction or ask for the amplification of the one submitted. Rule 196, Rules of Civil Procedure.

The defendant did not comply with the stated rule and we therefore find no error in the record in this regard.

IV. The defendant contends the State failed to prove the delivery of the narcotics was "for profit" and thus did not prove every element of the offense charged.

In *State v. McNabb,* 241 N.W.2d 32, 34–35 (Iowa 1976), we said the prosecution need not prove a "for profit" delivery, but must only disprove a "for accommodation" motive.

In light of *McNabb,* this issue has no substance. We might also note, however, that the error was in all likelihood not properly preserved on this issue as a motion to direct verdict was made at the close of the State's evidence and was not renewed after the defense had presented evidence at the accommodation hearing.

Based on all of the foregoing, we are constrained to find no error in the record, and affirm the trial court.

AFFIRMED.