STATE of Iowa, Appellee,

v.

Gertrude NEWMAN, Appellant.

No. 59564.

Supreme Court of Iowa.

Aug. 31, 1977.

Robert A. Wright and Naomi S. Mercer, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., J. Susan Carney, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

REES, Justice.

Defendant was charged by county attorney's information filed November 18, 1975 with two counts of delivery of heroin in violation of § 204.401(1), The Code. The information asserted the two sales of heroin allegedly made by defendant occurred on June 6 and June 10, 1975. The defendant was convicted after trial to a jury and a subsequent accommodation hearing resulted in a finding that the defendant had delivered the controlled substance with intent to profit and not as an accommodation. Defendant appeals, and we affirm.

An information was originally filed on November 13 charging the defendant with the crime of delivery of a controlled substance, to-wit: heroin, in two counts. The substitute information, on which the prosecution in this case is based, was filed on November 18, 1975, charging the defendant with the same crimes but adding the allegation that she had been theretofore convicted of possession of a controlled substance on November 24, 1971. Defendant entered her plea of not guilty on November 19, 1975, and the trial date was set for January 14, 1976. On December 12, 1975, after some preliminary skirmishing, defendant filed a motion to dismiss based on preaccusatorial delay by the State. Following hearing, the motion was denied on January 2, 1976. On January 13 the trial was continued by agreement until March 1, 1976, and on that date the county attorney's office filed a motion for continuance based upon the fact that the assistant county attorney, who was assigned to try the case and who had been handling the case from its inception, had an emergency illness in his immediate family. Over defendant's objections the court continued the trial to April 5, 1976. On April 2, three days before the scheduled trial date, defendant suffered an attack of diabetes which necessitated a further delay in trial until April 26, on which date the matter went to trial resulting in a verdict of guilty returned on April 28. Further hearing was held at the request of defendant to determine whether the deliveries were for profit or accommodation in conformity with § 204.410, The Code, and on the same date the jury returned its verdict of non-accommodation and its finding the deliveries had been made by the defendant for profit.

Defendant states the following issues which she contends necessitate a reversal:

(a) The delay between the offenses and the filing of the indictment prejudiced defendant in her preparation for a defense and violated her constitutional right to a fair trial.

(b) The trial court erred by granting a continuance to the State on the date set for the trial on the grounds there was a serious illness in the immediate family of the prosecutor.

(c) Trial court erred in refusing to grant a mistrial after claimed prosecutorial misconduct.

(d) Trial court erred in overruling defendant's motion for directed verdict or new trial based on the felony record of the informant, his admitted drug addiction and drug peddling.

(e) Trial court erred in overruling defendant's motion for directed verdict in the accommodation hearing since, as defendant claims, no profit motive was proven.

■ I. The first error claimed by the defendant is identical with the question raised in respect to the preaccusatorial de-

lay in *State v. Burrell*, 255 N.W.2d 119 (Iowa 1977).

In connection with the violation of her rights due to the delayed filing of an information charging her with the commission of the offense, defendant does not assert any violation of her speedy trial rights under either the Sixth Amendment or the Iowa statute, Chapter 795, The Code, 1975. She merely asserts that the five months period between the alleged sales of the controlled substance and the filing of the county attorney's information prevented her from presenting her defense adequately because it blurred her memory and deprived her of possible witnesses.

Defendant made no allegations of actual prejudice to her, occurring by virtue of the delayed filing of the information. See *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

We feel we have adequately disposed of this question in *Burrell, supra,* and the cases cited therein.

■ II. The speedy trial issue presented by defendant centers about the question as to whether the absence of the assistant county attorney due to the serious illness in his immediate family was good cause for delay in trial. A showing was made that Assistant County Attorney Sarcone was unavailable due to the fact his wife had suffered a miscarriage. The defendant resisted the application for continuance, citing her right to a speedy trial, but the court sustained the motion for continuance and set the trial of the case for the next available date 36 days later.

The determination of good cause for continuance under § 795.2, The Code, is within the discretion of the trial court. See *State v. Reynolds*, 250 N.W.2d 434 (Iowa 1977), and cases cited therein; *State v. Jennings*, 195 N.W.2d 351 (Iowa 1972).

The sudden unavailability of a judge or prosecutor may be good cause for delay. *State v. Hines*, 225 N.W.2d 156 (Iowa 1975); *Jennings, supra.*

We are unable to find the trial court erred in determining that good cause existed for the delay of trial in this case.

■ III. On cross-examination of the defendant, the prosecutor asked her whether she was an addict or used drugs herself. She now contends that the prosecution sought to establish she was a dealer in drugs by showing she had no personal use for the drugs, and asserts that this line of questioning would show her to be a bad woman and prejudice the jury. This occurs to us to be a rather unusual issue, and somewhat illogical. The prosecutor asked: "You're not an addict, are you?" The answer, although none appears in the record due to the sustaining of defense counsel's objection, could not have been prejudicial if it showed she was not an addict unless possession were already shown.

In any event, the objection was sustained and the prosecutor was warned to refrain from such a line of questioning. The trial court determined the effect of the question on the jury was not prejudicial. Such determination is within the discretion of the trial court. See *State v. Burrell, supra,* 255 N.W.2d at 122 and citations. A new trial is warranted only where it is manifest the prejudicial effect of an interrogatory remained with the jury. *State v. Peterson*, 189 N.W.2d 891, 896 (Iowa 1971).

The inquiry in this case was not so inflammatory as to prejudice the jury. We find no abuse of discretion on the part of the trial court in overruling the motion of defendant for a mistrial.

■ IV. Defendant contends the court erred in failing to direct a verdict based upon the testimony of a witness she asserts was unreliable. Essentially, she alleges the uncorroborated testimony of Robert Brown, the police informant, is not sufficient to support a verdict in light of Brown's credibility which she characterizes as questionable.

The question of credibility of witnesses is for the jury. See *State v. Parkey*, 200 N.W.2d 518 (Iowa 1972). There appears to have been specific corroboration of Brown's testimony by Officer Edwards, then by Officer John Dolan, who observed the infor-

mant Brown drive to defendant's house, enter the house with money supplied by the police authorities, and return from the house with the purchased heroin. We find no merit in defendant's contention the court erred in failing to direct a verdict.

 V. We find no merit in defendant's contention the court erred in failing to direct a verdict in the accommodation hearing.

The State was not required to prove a "for profit" delivery but was required to disprove an accommodation motive. See *State v. McNabb*, 241 N.W.2d 32 (Iowa 1976).

On the whole record we find no reversible error and affirm the trial court.

AFFIRMED.