**STATE of Iowa, Appellee,**

v.

**Robert Alan STIDOLPH, Appellant.**

**No. 59557.**

Supreme Court of Iowa.

March 22, 1978.

Rehearing Denied May 15, 1978.

Marks, Flagg, Hockett & Marks by Judd Golden, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Faison Sessoms, Asst. Atty. Gen., and Dan Johnston, Polk County Atty., for appellee.

Considered by MOORE, C. J., and REES, UHLENHOPP, HARRIS, and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves two questions which arose in a prosecution of defendant Robert Alan Stidolph, Jr. for delivering marijuana as a nonaccommodation offender.

The Polk County Attorney charged defendant with delivering marijuana to Timothy P. Diskin on October 31, 1975, January 31, 1976, and February 6, 1976. Defendant pleaded not guilty.

■ At trial the trial court did not restrict defendant in his voir dire interrogation of the prospective jurors. After the jury was selected and sworn, defendant changed his plea to guilty of delivering the marijuana. He demanded a new jury panel for selection of another jury to try the accommodation issue. Section 204.410 of the Code of 1975 was then in effect as construed in *State v. Monroe*, 236 N.W.2d 24 (Iowa).

The trial court denied defendant's request for a new jury and the parties tried the accommodation issue to the jury already selected. At the conclusion of reception of evidence the trial court overruled defendant's motion for directed verdict, and the jury found defendant delivered the marijuana not as an accommodation. The court passed sentence and defendant appealed.

In this court defendant raises two issues: first, in denying defendant a new jury panel the trial court abused its discretion and deprived defendant of his constitutional right to a fair and impartial jury, and second, in overruling defendant's motion for directed verdict the court erred for the reason that the State did not introduce substantial evidence defendant made the deliveries for profit and not as an accommodation.

I. *New Jury Panel.* At the time of this trial the provisions of law in effect for selection of a jury by the parties were §§ 779.3 to 779.11 of the Code of 1975. Cf. Supp.Code 1977, § 813.2; Rule 17, Rules of Criminal Procedure. We previously confronted and resolved the problem defendant first presents, in *State v. Monroe*, supra, 236 N.W.2d 24, 37 (Iowa). We stated:

We believe the constitutional requirements of *Mullaney [v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508] can be met by the employment of a procedure similar to that relating to a habitual criminal charge. When a defendant is charged as a habitual criminal under Code chapter 747 he is statutorily entitled to a two-stage trial. See *State v. Hunley*, 167 N.W.2d 645 (Iowa 1969); § 785.16, The Code, 1975. If found guilty of the current offense, he is entitled to a trial on the issue of his alleged prior convictions.

We think that after trial for delivery of a controlled substance, upon a guilty verdict, or if there is no trial, upon a plea of guilty, the defendant must be accorded the opportunity to have the intent issue of § 204.410 resolved by jury. *The jury which resolved the main issue of defendant's guilt at trial could in those situations hear the matter.* (Italics added.)

If an accused stands trial on both the original charge and the accommodation issue, his attorney can by proper questions to the original panel members ascertain whether the prospective jurors will throughout the case give the accused fair and impartial treatment. This is the basic objective of voir dire, rather than a de facto argument of the case or indoctrination of the jurors one way or the other. *State v. Dillman*, 183 Iowa 1147, 168 N.W. 204; *United States v. Mesarosh*, 116 F.Supp. 345 (W.D.Pa.), aff'd on other grounds, 223 F.2d 449 (3 Cir.), rev'd on other grounds, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1. See also *Wagner v. United States*, 264 F.2d 524 (9 Cir.), cert. den. 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548, reh. den. 361 U.S. 857, 80 S.Ct. 48, 4 L.Ed.2d 97; *Hamer v. United States*, 259 F.2d 274 (9 Cir.), cert. den. 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577, reh. den. 359 U.S. 962, 79 S.Ct. 799, 3 L.Ed.2d 769. We thus adhere to the *Monroe* pronouncement and hold that the trial court did not abuse its discretion in proceeding with the original jury on the accommodation question. By the same token, we hold that defendant was not deprived of his constitutional right to a fair and impartial jury. See *People v. McClellan*, 71 Cal.2d 793, 80 Cal.Rptr. 31, 457 P.2d 871; *People v. Whitmore*, 251 Cal. App.2d 359, 59 Cal.Rptr. 411; *People v. King*, 240 Cal.App.2d 389, 49 Cal.Rptr. 562, cert. den. 385 U.S. 923, 87 S.Ct. 236, 17 L.Ed.2d 146. See also *Blankenship v. Estelle*, 545 F.2d 510 (5 Cir.).

We note that the legislature has changed the statutory framework on the matter of accommodation. Supp.Code 1977, § 204.410.

■ II. *Sufficiency of Evidence.* Defendant's second contention involves a basic misconception of the law under § 204.410 of the Code of 1975. The State may but is not required to prove intent to profit; it need however only disprove the delivery was to accommodate. We stated in *State v. McNabb*, 241 N.W.2d 32, 34–35 (Iowa):

> The statute lists neither two nor three elements for accommodation status. Rather it first announces a separate, lesser punishment where the offense was committed as an accommodation to another. Thereafter the legislature contrasts two of the possible examples where accommodation clearly does not exist.
>
> The words " * * * only as an accommodation to another individual * * * " as used in this section mean to furnish, as a favor to the recipient, something the recipient desires.
>
> The facts in the instant case plainly exclude defendant from this definition. The furnishing of the pills was motivated by defendant's desire to recoup his money; it was not done as a favor to the recipient. Defendant was not an accommodation deliverer.

See also *State v. Herndon*, 257 N.W.2d 19, 22 (Iowa) ("In *State v. McNabb*, 241 N.W.2d 32, 34–35 (Iowa 1976), we said the prosecution need not prove a 'for profit' delivery, but must only disprove a 'for accommodation' motive."); *State v. Newman*, 257 N.W.2d 29, 32 (Iowa) ("The State was not required to prove a 'for profit' delivery but was required to disprove an accommodation motive.").

The evidence in the record here abundantly disproves an accommodation motive.

We find no error.

AFFIRMED.