STATE of Iowa, Appellee,

v.

Elsie Mae DANDRIDGE, Appellant.

No. 55798.

Supreme Court of Iowa.

Jan. 16, 1974.

Thomas M. Kelly, Jr., Davenport, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

PER CURIAM:

Defendant, Elsie Mae Dandridge, was convicted and sentenced for the crime of possession of a controlled substance with intent to deliver. She has appealed. We affirm.

Her sole assigned error is that her motion for new trial should have been sustained. She contends her motion for directed verdict should not have been overruled and argues the State failed to prove all the essential elements of the crime charged, particularly intent to deliver.

In considering sufficiency of evidence to sustain the verdict, we give the State's case the most favorable interpretation it will bear, including all inferences and presumptions which reasonably flow from evidence in the record. State v. Ampey, Iowa, 210 N.W.2d 433, 434, and citations.

We have repeatedly held that if there is any substantial evidence reasonably supporting the charge, the trial court should not direct a verdict of acquittal and should submit the case to the jury. Also that knowledge or intent is usually inferred from the circumstances. It is for the jury to decide as to the truth and veracity of defendant's explanation. For support of these well-established legal principles, see State v. Young, Iowa, 211 N.W.2d 352, 354, and citations.

The record evidence includes the following. About 11:15 P.M. November 26, 1971 a police informant went to defendant's home and purchased drugs from defendant's daughter. About three hours later police officers armed with arrest and search warrants went to defendant's home. The front door was partially open. When they informed defendant it was the police she attempted to leave through the back door. When stopped defendant was carrying two bottles of pills. The bottles contained L. S.D. (lysergic acid diethylamide).

The search of defendant's home resulted in the police finding 21 pentobarbital tablets, 26.3 grams of marijuana, 87 capsules

and tablets of L.S.D. and 132 tablets of amphetamines. They found $800 in cash in defendant's purse.

When taken to the police station defendant admitted she had been dealing in drugs for about three weeks and that she had sold amphetamines and L.S.D. to about 15 or 20 persons all between the ages of 13 and 20 years.

Defendant denied selling any drugs or making any admission to police. She stated the drugs belonged to her daughter. Also that she thought the two bottles of pills taken from her contained her diabetic medicine. She testified the $800 belonged to her brother and daughter.

We hold the State's evidence established a jury question on each of the elements of the crime charged. There was substantial evidence from which the jury could find intent to deliver.

We find no reversible error.

Affirmed.