STATE of Iowa, Appellee,

v.

Thomas P. KANTARIS, Appellant.

Nos. 62546, 62692.

Supreme Court of Iowa.

June 27, 1979.

James L. Locher of Shepard & Locher, Mason City, for appellant.

Thomas J. Miller, Atty. Gen., and Ann Fitzgibbons, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

LARSON, Justice.

This defendant appeals from two separate convictions of delivery of a controlled substance, cocaine, in violation of § 204.401, The Code. The cases were consolidated upon appeal. Three issues are identical in each case. Both involved alleged errors in (1) denying defendant's motion for disclosure of an informant's identity, (2) denying defendant's motion to dismiss for unreasonable delay between the time the offense was committed and commencement of pros-

ecution, and (3) sentencing under the provisions of the new criminal code absent a request therefor by the defendant. Criminal Appeal No. 62546 involved the additional issue of admission of the cocaine into evidence over defendant's chain-of-custody objection. We affirm on all issues, except the third, which requires vacation of the judgments and remand for resentencing.

I. *The informant's identity.* The defendant was introduced to state agents by an informer on July 25, 1977. The informer was a witness to a drug transaction on that date. This transaction gave rise to the conviction resulting in Criminal Appeal No. 62692. On September 7 the agents again bought drugs from the defendant; this time the informant was not involved. Defendant argues that disclosure of the informant's identity should be required—even in the prosecution for the latter offense—because his observations during the first transaction could be relevant to the latter one. The defendant argues that the informer could have been helpful in determining what defenses might be available, especially entrapment, and on the issue of accommodation. The defendant asserts that disclosure was especially necessary in that, at the hearing on the motion to dismiss, the defendant testified to "an inability to recollect the events" on the days of the alleged offenses. He argues that under those circumstances failure to require disclosure of the informant's identity denied him a fair trial.

The trial court recognized the need to strike a balance between the state's interest in protecting the identity of the informant and the defendant's interest in preparing his defense. Therefore, it directed the state to produce the informant for in-camera examination under oath. Defendant was allowed to direct written interrogatories to the informant. However, he asserts on appeal that their "[a]nswers . . . were insufficient to permit Defendant to explore defenses in these areas."

Generally, "the identity of an informer must be disclosed when the informer participated in or witnessed the crime charged." *State v. Lamar,* 210 N.W.2d 600, 603 (Iowa 1973), citing authorities. However, this court decided not to adopt a per se rule. The leading case is *State v. Sheffey,* 243 N.W.2d 555, 559 (Iowa 1976):

Although the informant's physical presence at the scene of the alleged crime is of significance, it is not sufficient, standing alone, to hold him a participant and thus affect the nondisclosure privilege. [Case cited.]

. . . In short, defendant would have this court adopt a per se rule.

In this jurisdiction, . . . the burden of showing need is upon defendant. Mere speculation an informer may be helpful is not enough to carry the burden and overcome the public interest in the protection of the informer.

■ By failing to aver anything but an inability to reconstruct the events of those dates, Kantaris has not made the showing of actual need to require disclosure.

II. *Delay in prosecution.* The first transaction occurred on July 25, 1977; the second on September 7. The charges were filed on April 7, 1978. The agents testified that these transactions were related to a year-long investigation of drug sales in the area. They indicated that the investigation culminated on April 1 when their identity was discovered by one of the suspects.

First, the state argues that error was not preserved. In *State v. Herndon,* 257 N.W.2d 19, 21 (Iowa 1977), this court said:

[D]efendant should have renewed the motion to dismiss with a specific showing of prejudice at the close of the evidence to enable the trial judge to assess the prejudicial effect of the delay, if any there were. Defendant, by failing to renew his motion to dismiss, failed to preserve the issue for review after the introduction of testimony. [Case cited.]

However, the court seemingly went on to decide that case on the merits.

■ As with the issue of informant's identity, there is a burden placed upon the defendant, who "must show he was actually prejudiced in defending himself by the de-

lay in order to invoke the protection afforded by the due process clause." *State v. Burrell,* 255 N.W.2d 119, 121 (Iowa 1977). In that case we found that the defendant failed to make the requisite showing by "fail[ing] to show the specific absence of any witness, much less a witness who could supply material evidence on his behalf." *Id.,* at 122.

More on point to the case before us, it was said in *State v. Williams,* 264 N.W.2d 779, 783 (Iowa 1978):

> Mere general claims of prejudice are insufficient. Actual prejudice must be both alleged and proved. *The fact that the defendant is unable to reconstruct events charged or that his memory has dimmed is insufficient.* (Emphasis added.)

■ Defendant attempts to avoid his failure to show prejudice, claiming that "[h]is testimony is not a mere claim of general inability to reconstruct events, but a specific denial of any recollection whatsoever." Despite defendant's characterization of the effect of the delay as "specific," it is completely lacking in details of his claim and is merely another way of raising a claim of general inability to reconstruct the events, and we conclude it is insufficient to require dismissal of the charges.

■ In addition, there is a second factor which defendant must establish in connection with pre-accusatorial delay. He must show that the delay was "unreasonable and without justification." *State v. Schlick,* 257 N.W.2d 59, 61 (Iowa 1977); *Williams,* 264 N.W.2d at 783.

The charges were filed only six days after the undercover operation ended. The defendant has not made a showing that there was an unreasonable and unjustifiable delay sufficient to require dismissal of the charges.

III. *Chain of custody.* The cocaine was in the continuous possession of the undercover agent until he sent it to the crime lab, return receipt requested. It was received there by Pam Garwood; she gave it, while still in a sealed envelope, to Sandra Stolte-

now who tested the substance and sealed it. Ms. Stoltenow then gave it directly to agent Basler who returned it to Mason City. The agent, Sandra Stoltenow, and agent Basler testified at trial. Only Pam Garwood did not testify.

The cocaine was discolored at the trial. Evidence was received from the chemist that that was probably due to the presence of analyzing agents and the passage of time. The defendant argues that discoloration, coupled with the admittedly higher foundation showing required in drug cases (due to their susceptibility to tampering), *State v. Lunsford,* 204 N.W.2d 613, 616 (Iowa 1973); *State v. Quanrude,* 222 N.W.2d 467, 471 (Iowa 1974), made it necessary for Ms. Garwood to testify to complete the foundation.

However, "[i]t is not essential for admissibility that the state negative the possibility of tampering or substitution absolutely. It is sufficient to establish that it is reasonably probable tampering or substitution did not occur. [Authorities cited.] *Contrary speculation affects the weight of the evidence but not its admissibility.*" (Emphasis added.) *Lunsford,* 204 N.W.2d at 617.

We said in *State v. Branch,* 222 N.W.2d 423, 426 (Iowa 1974), that a "trial court is entitled to assume that an official would not tamper with the exhibits or their contents."

Our standard of review of trial court's admission of this evidence is limited. "A trial court determination that the identification is sufficient will not be overturned except for a clear abuse of discretion." *Quanrude,* 222 N.W.2d at 471.

■ The trial court did not abuse its discretion in determining that the foundation was sufficient.

IV. *Sentencing under new criminal code.* This offense occurred prior to the effective date of the new criminal code. Section 801.5 of the new Code provides, in part:

> 2. In any case pending on or commenced after the effective date of this

Act, involving an offense committed before that date:

.    .    .    .    .

b. *Upon the request of the defendant* and the approval of the court:

*(1) Procedural provisions* of this Act shall apply insofar as they are justly applicable; and

*(2)* The court may *impose a sentence* or suspended imposition of a sentence under the provisions of this Act applicable to the offense and the offender. (Emphasis added.)

The new code provides a more severe penalty for this offense than under the old Code because § 204.413, Code Supp.1977, now provides violators are not eligible for parole until serving one-third of the maximum indeterminate sentence.

The defendant did not request to be sentenced under the new act. However, the state contends he has waived this requirement by filing certain motions pursuant to the new act. We do not agree. The procedural and sentencing provisions are set out separately and are independent of each other. There is nothing in the wording of the act to suggest that the legislature intended the procedural and sentencing provisions to be yoked in their application. Also, a "waiver" of his right to be sentenced under the prior law would require a finding that he did so knowingly, intelligently, and voluntarily. *Cf. Schneckloth v. Busta-monte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (waiver of rights must be knowing, intelligent and voluntary). It may not be waived by implication as contended by the state.

We hold the trial court erred in imposing sentence under the new act without the request of defendant and without his waiver of this right. We therefore vacate the sentences and remand for resentencing.

JUDGMENTS VACATED AND CASES REMANDED FOR RESENTENCING.