STATE of Iowa, Appellee,

v.

Anthony Allen OROZCO, Appellant.

No. 62554.

Supreme Court of Iowa.

March 19, 1980.

William S. Vanderpool, Mason City, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and Clayton L. Wornson, Cerro Gordo County Atty., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, ALLBEE, and LARSON, JJ.

LARSON, Justice.

This defendant appeals his convictions on three counts of delivery of a controlled substance for profit in violation of section 204.-401, The Code 1977. He alleges error in the trial court's (1) holding a pretrial hearing without recording it and in the absence of the defendant, (2) failure to grant his motion to dismiss based on unreasonable preaccusatorial delay, and (3) finding there was sufficient chain-of-custody foundation for admission of drug evidence. He also alleges (4) that there was insufficient evidence to support the verdict. We find no reversible error on any of the issues assigned and therefore affirm the trial court.

I. *Pretrial hearing.* Prior to trial, the defendant filed combined motions to dismiss and for discovery. The dismissal motion was based upon the claim of unreasonable delay, which is discussed in Division II.

The discovery motion requested (1) access to written reports concerning the charges, (2) revelation whether informants were used and, if so, their names and addresses, (3) inspection of the physical evidence, (4) access to any tape recordings made by electronic eavesdropping during the investigation, and (5) divulgence of any exculpatory evidence. Defendant's attorney was informed by telephone at 9:40 a. m. that a hearing would be held on the motions at 1:00 that afternoon before Judge Stone. He objected to this short notice because his client had no telephone, there was not enough time to contact him before the hearing and his client had requested to be present at all hearings. The hearing was held despite these objections. At the commencement of the hearing, defendant's attorney requested a delay until a court reporter was available. The court, however, decided to "proceed until the court reporter gets here." As it turned out, the reporter never arrived so there is no transcript of the proceedings. However, defense counsel provided a narrative which has become a part of the record.

The discovery motion was granted except for the part involving informants. As to that, Judge Stone ruled "that if the minutes of testimony do not disclose the fact the State will disclose whether or not an informant was used." He forbade disclosure of any informant's identity, however, unless the defense made a showing of need. Thus, the trial court granted defendant nearly everything he asked for and allowed him the opportunity to reassert at a later time the only item denied. The court postponed hearing on the motion to dismiss after defense counsel "indicated that in order to sustain his burden with regard to the motion, he would have to present evidence through the defendants themselves and through subpoenaed witnesses." A hearing

on the motion to dismiss was held at a later date, and the defendant was present for that hearing. The motion to dismiss was denied.

■ Defendant asserts that the holding of the pretrial hearing in his absence and the failure to perpetuate the record of it acted to deny him due process and require reversal of his conviction. The failure to record the proceeding does not constitute reversible error. Counsel's narration, recorded shortly thereafter, provided a record sufficiently complete to allow appellate review under the circumstances of this case. *See State v. McFarland*, 287 N.W.2d 162, 164 (Iowa 1980).

■ Defendant's presence at the first hearing was not required by due process. "[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder v. Massachusetts*, 291 U.S. 97, 107–08, 54 S.Ct. 330, 333, 78 L.Ed. 674, 679 (1934), *quoted in State v. Gruber*, 281 N.W.2d 636, 638 (Iowa 1979). This means that he "has a right to be present whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to" present his case. *Id.* (quoting *Snyder*, 291 U.S. at 105–06, 54 S.Ct. at 332, 78 L.Ed. at 678). Defendant's right to a fair and just hearing was not thwarted by his absence in this case, in view of the fact he gained virtually everything he requested and his right to assert the balance of his requests at a later date was preserved by the court's order.

■ Our decision that these actions do not require reversal does not mean we approve of them. No interest in judicial economy justifies holding a hearing on pretrial motions on such short notice where the result is the inability of defendant to attend or properly prepare for it. Appellate counsel's comment that judicial proceedings should avoid the appearance of impropriety through back-room disposition of litigated matters is well taken. Every reasonable accommodation should be made to insure that defendants receive, not only the proc-ess to which they are constitutionally due, but also that process which will serve to dispel their suspicions as to the integrity of our legal system.

II. *Preaccusatorial delay.* The sales in question were made to a state undercover agent on September 28, 1977. On November 22, 1977, local officials acting without knowledge of the state investigation executed a search warrant of defendant's residence. On April 1, 1978, defendant was arrested. An information was filed on April 6. The delay between the commission of the offense and the initiation of the prosecution was the basis of defendant's motion to dismiss.

He asserts that any undercover investigation was destroyed by the November search and "[f]rom that point on, there was absolutely no reason to delay the arrest—except for the specific purpose of jeopardizing the preparation of a defense to the charges." He alleges specific prejudice from the fact that during the intervening period he lost or destroyed a sales slip which "could have" shown that he was in Marshalltown that day. However, he only searched his home for his own copy of the sales slip. The Marshalltown seller was not contacted.

■ A determination of this issue involves "a balancing test in which the trial court weighs the reasonableness of the delay against the prejudice to the defendant." *State v. Burrell*, 255 N.W.2d 119, 121 (Iowa 1977). In order to require reversal a two-part test must be met:

1. The . . . delay must be unreasonable and without justification; and
2. The delay must have resulted in actual prejudice to [the] defense.

*State v. Schlick*, 257 N.W.2d 59, 61 (Iowa 1977). "A mere claim of general inability to reconstruct the events of the period in question is insufficient to establish the requisite prejudice. . . ." *Burrell*, 255 N.W.2d at 121 (quoting *United States v. Golden*, 436 F.2d 941, 943 (8th Cir.), *cert. denied*, 404 U.S. 910, 92 S.Ct. 236, 30 L.Ed.2d 183 (1971)). *Accord, State v. Kantaris*, 280 N.W.2d 389, 391–92 (Iowa 1979) (offenses in July and September, charged

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

filed in following April; dismissal not required).

▮▮▮ The undercover agents testified that it was common for drug investigations to last three to six months and sometimes over a year. In this case, they were attempting to get at defendant's source and filed the charges only when the identity of one of them became known to him. As recently as two days before defendant's arrest these agents were attempting to buy additional drugs from him. The trial court found that it was reasonable to delay arrest until the state agent's "cover was blown" very shortly before the April 1 arrest. The court specifically found that the November search was independent of the state investigation. We agree. Thus, the preaccusatorial delay was both reasonable and justified. In addition, the defendant has failed to show actual prejudice. The court properly denied the motion to dismiss.

III. *Chain-of-custody.* The matter proceeded to trial before Judge Plummer. The state agents testified they had put the amphetamines in two separate bags and the marijuana in a third. Both testified they placed a note, written by one of them, identifying amphetamines in one of the bags of amphetamines and a note identifying marijuana in the bag of marijuana. They testified they initialled the bags, placed them in the evidence locker that night and personally delivered them to the chemist at the state laboratory the next day. The chemist testified she placed the evidence in a locker to which she had the only key. She said she normally did not remove notes from bags during testing because of the possibility of mixing them up. However, she admitted it was "possible" that she did so in this case. She testified she sealed the exhibits with tape which would be difficult to remove without detection and initialled the bags. The evidence was analyzed and kept at the laboratory until it was picked up by the state agents, who then returned it to the evidence locker at Mason City. It remained there until the day of trial. These agents and the chemist all identified the evidence at the trial. However, when the evidence was introduced, the note identifying the

substance as marijuana was in the second bag containing amphetamines. Defendant argues this circumstance alone amounts to a reasonable probability the substances were tampered with. There is no issue raised as to the proper analysis of the substances by the laboratory; the chemist testified without objection as to the analysis of the substances using the exhibit numbers for reference and without regard to the "identifying" notes in the bags.

▮▮▮ Evidence cannot be admitted unless it is properly identified. Part of the identification involves "establish[ing] that it is reasonably probable tampering or substitution did not occur." *State v. Lunsford,* 204 N.W.2d 613, 616–17 (Iowa 1973). This is particularly important when dealing with items such as drugs, which are very susceptible to tampering. *State v. Jeffs,* 246 N.W.2d 913, 915 (Iowa 1976). The determination of the sufficiency of the identification is to be made by the trial judge, whose determination may not be overturned except for a clear abuse of discretion. *Lunsford,* 204 N.W.2d at 617. The trial court may be aided in this determination by presuming that state agents would not tamper with the evidence. *State v. Branch,* 222 N.W.2d 423, 426 (Iowa 1974); *Kantaris,* 280 N.W.2d at 392. When the trial court has determined that the identification is sufficient, "[c]ontrary speculation affects the weight of the evidence but not its admissibility." *Lunsford,* 204 N.W.2d at 617.

▮▮▮ The trial court did not abuse its discretion in admitting the physical evidence. The State accounted for the custody of the evidence during the entire period between its purchase and the trial. Evidence need not be excluded on the basis of speculation and conjecture when an entirely reasonable explanation for the discrepancy is presented along with a strong showing of continuous custody. It is obvious that the notes by the agents were merely switched and that the accuracy of the critical analysis by laboratory personnel has been unaffected.

**IV.** *Insufficiency of the evidence.* The basis for this assignment is the fact that the defendant was supposed to have sold drugs "cold" to an individual he had never before met. This, it is claimed, is so unlikely that it is "inherently incredible," and therefore insufficient. If there is substantial evidence in the record to support the verdict, it is conclusive. *State v. Jones,* 271 N.W.2d 761, 763 (Iowa 1978). The credibility of witnesses is the province of the jury. *State v. Dahlstrom,* 224 N.W.2d 443, 448 (Iowa 1974). The testimony of the state agent who made the purchase, if believed by the jury, is clearly sufficient to support the verdict. The jury apparently found the witness was credible; we cannot conclude it was wrong as a matter of law.

We find no reversible error under any of the issues assigned.

AFFIRMED.