**In the Interest of E.P., D.W., and C.B., Minor Children, Appellants.**

**No. 91–229.**

Supreme Court of Iowa.

Dec. 24, 1991.

Virginia T. Larson, Asst. State Public Defender, Nevada, for appellants.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., and Judy Sheirbon, Asst. Atty. Gen., for appellee State of Iowa.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO and SNELL, JJ.

LARSON, Justice.

Three juveniles, E.P., D.W., and C.B., appeal from adjudications of delinquency for second-degree burglary, Iowa Code §§ 713.1, 713.5 (1989). Their sole complaint is that their constitutional and statutory rights to speedy "indictments" had been violated by the State's failure to file the juvenile delinquency petitions within forty-five days of their arrest. The juvenile court rejected these contentions, and we affirm.

Law enforcement officers apprehended the juveniles in connection with several burglaries in the area of Nevada, Iowa, during May and June of 1990. Confessions and corroborating evidence were obtained from all three, then aged 16, 14, and 15, respectively.

The juveniles were referred to the juvenile court on July 7 and 10, Iowa Code § 232.28 (1991), and placed under "house arrest" agreements, which provided:

> I understand that I am released under the conditions of House Arrest as agreed between my parent or guardian and the Juvenile Court Officer. I will remain within the physical confines of my Home, except to go **directly** to and from school, and/or work if employed, or unless I am in the immediate company of either or both parents. I further understand that the conditions of House Arrest will remain in effect until removed by a Juvenile Court Officer or Juvenile Court Judge.

Formal petitions alleging delinquency were filed on September 6, 1990, pursuant to Iowa Code section 232.35. This was fifty-eight days after their house arrest. On September 24, 1990, the juveniles filed motions to dismiss on the ground that the petitions were untimely under Iowa Rule of Criminal Procedure 27(2)(a) (indictment to be filed within forty-five days of arrest). They also contended that the fifty-eight-day interval violated their constitutional rights to due process and equal protection.

Juvenile delinquency proceedings are not criminal in nature but are special proceedings to ameliorate what would otherwise be criminal prosecutions of children. *In re J.D.S.*, 436 N.W.2d 342, 343 (Iowa 1989). Our review in such cases is de novo, and although the court is not bound by the juvenile court's findings, it gives weight to those findings. *In re S.C.S.*, 454 N.W.2d 810, 814 (Iowa 1990).

The juveniles analogize the filing of a delinquency petition to an indictment under Iowa Rule of Criminal Procedure 27(2)(a). That rule provides:

> When an adult is arrested for the commission of a public offense, or, in the case of a child, when the juvenile court enters an order waiving jurisdiction pursuant to Iowa Code section 232.45, and an indictment is not found against him within forty-five days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives his right thereto.

In *In re C.T.F.*, 316 N.W.2d 865, 867 (Iowa 1982), we held that the forty-five-day requirement of rule 27(2)(a) did not apply to juvenile proceedings. By its express wording, this rule applies to a juvenile only after waiver to adult court. The juveniles now ask us to reexamine *C.T.F.* in light of the

1985 rules of juvenile procedure, which provide:

> If a child against whom a delinquency petition has been filed has not waived the right to a speedy adjudication *hearing,* the hearing must be held within sixty days after the petition is filed or the court shall order the petition dismissed unless good cause to the contrary is shown.

Iowa R.Juv.P. 4.2 (emphasis added).

Prior to rule 4.2, there were no express time limits for hearings in delinquency cases. In arguing that the enactment of rule 4.2 requires our reexamination of the holding in *C.T.F.* (that the forty-five-day time limit for filing petitions does not apply to juveniles), these juveniles concede that rule 4.2 applies by its terms only to the time allowed for *hearings* on the delinquency petitions, not to the time within which the petitions must be filed. They argue, however, that enactment of rule 4.2 expresses an intention to apply to juvenile cases all of the time constraints applicable to adult cases set out in rule of criminal procedure 27(2)(a). This would include a forty-five-day limit for filing of the delinquency petition, which, for our purposes, would be the equivalent of an indictment. Further, the juveniles argue, it is necessary to apply such time constraints in juvenile cases in order to protect their constitutional rights.

## I. *The Statutory Argument.*

At the threshold of the argument over application of rule 27(2)(a), the parties disagree about whether the juveniles' "house arrest" is an arrest for purposes of starting the forty-five days. The State contends that the house arrest was merely an informal arrangement, and there were no direct sanctions to be applied if the juveniles violated the agreement. The juveniles counter that the "house arrest" agreement was sufficiently restrictive to be considered as an arrest. We need not determine whether an arrest occurred on the execution of the house arrest agreement for purposes of applying rule 27(2)(a) because we believe the rule is inapplicable in any event.

The language of rule 27(2)(a) is the same as it was at the time of our decision, in *C.T.F.,* that the forty-five-day requirement for filing of indictments in adult cases is limited to cases involving adults and those juveniles whose cases have been waived to district court. *C.T.F.,* 316 N.W.2d at 867. The juveniles in the present case had not been waived to district court.

Juvenile rule 4.2 expressly provides for time limits only for the hearing on the petition, not on the filing of it. Further, and more important, rule 27(2)(a) shows a clear intent to limit the forty-five-day requirement to nonjuvenile cases. We cannot agree that Iowa Rule of Juvenile Procedure 4.2 evidences an intent to engraft on criminal rule 27(2)(a) an additional time constraint to be applied to the filing of juvenile petitions.

We believe that the omission of juvenile cases from the speedy indictment provisions of the rule was deliberate. There are sound reasons for allowing the informal adjustments provided by Iowa Code section 232.29. Informal adjustments must be made prior to the filing of the delinquency petition. *See* Iowa Code § 232.29(1) (informal adjustment to be made "at intake"). Adoption of a forty-five-day time limit for filing a petition in a juvenile case would not only have the effect of amending juvenile rule 4.2 and criminal rule 27(2)(a); it would also pressure the parties to forego, or curtail, the time for informal adjustments. *See* Iowa Code § 232.29(1)(h) (delinquency petition may be filed within six months of informal adjustment).

We hold that the forty-five-day time limitation for filing an indictment under rule 27(2)(a) does not apply to the filing of a delinquency petition under section 232.35.

## II. *The Constitutional Argument.*

The juveniles also argue that the delay in this case deprived them of their constitutional right to speedy indictment. We have not passed on this specific question although, in *C.T.F.,* we held that there

is a constitutional right to a speedy *hearing* on it.

In recognizing a juvenile's constitutional right to a speedy hearing on the delinquency petition in *C.T.F.*, we relied on the Supreme Court case of *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). In *Gault*, the Court held that delinquency proceedings must grant due process under the fourteenth amendment. For example, a juvenile has a right to written notice of the charges, notification of the right to counsel, the privileges against self-incrimination, and the right to a hearing based on sworn testimony and the right of cross-examination. *Id.* at 31–57, 87 S.Ct. at 1445–59, 18 L.Ed.2d at 548–63; *see C.T.F.*, 316 N.W.2d at 868.

No Iowa cases have addressed the question of whether due process requires the speedy filing of a juvenile delinquency petition. These juveniles argue that this is a logical extension of *C.T.F.* and a proper application of *Gault*. They urge us to recognize such right now. Even if we were to do so, however, we believe their claim of constitutional deprivation must fail under their own test. They propose that we adopt the four-part test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). That test involves consideration of (1) the length of the delay, (2) the reasons for the delay, (3) whether the "accused" asserted the right to speedy trial, and (4) whether prejudice is shown. *Id.* at 530–32, 92 S.Ct. at 2191–93, 33 L.Ed.2d at 116–18.

Here, (1) the delay was only thirteen days, (2) one reason for the delay was presumably to have an opportunity for the informal adjustment provided by statute, (3) the juveniles made no request for a speedy filing of the petition, and (4) there was no showing of prejudice. We reject the juvenile's assertion that "presumptive prejudice" is sufficient under this test.

While we have addressed the *Barker* test, because it was raised by the juveniles, we believe it is not helpful and in fact is largely inapposite because the *Barker* test involves the right to speedy trial, not the right to speedy indictment. We believe a more appropriate test would be patterned after those applied in cases in which a claim of constitutional deprivation is based on preaccusatorial delay. We addressed this issue in *State v. Orozco*, 290 N.W.2d 6 (Iowa 1980). Under that test, any delay prior to the charging of the defendant must (1) be unreasonable and without justification, and (2) result in actual prejudice to the defense. We held that a mere claim of general inability to reconstruct the events of the period in question is insufficient to establish the requisite prejudice. In *Orozco*, the drug sales in question were made to a state undercover agent on September 28, 1977. The defendant was not charged until April 6, 1978. We held that the "balancing test in which the trial court weighs the reasonableness of the delay against the prejudice to the defendant" resulted in a conclusion that the precharging delay was not unreasonable in view of the failure of the defendant to establish substantial prejudice. *Id.* at 9.

Even assuming the existence of a constitutional right to the speedy filing of a juvenile delinquency petition, a juvenile must establish unreasonableness, and prejudice, in order to show a deprivation of that right. The juveniles in this case fell short of proving either element. We agree with juvenile court that no deprivation of their constitutional rights has been established.

AFFIRMED.