STATE of Iowa, Appellee,

v.

Arturo Guerrero RAMIREZ, Appellant.

No. 90–1914.

Court of Appeals of Iowa.

March 24, 1992.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds Lapointe, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., Thomas S. Mullin, County Atty., and Mark A. Campbell, Asst. County Atty., for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

DONIELSON, Presiding Judge.

On August 18, 1990, at approximately 9 p.m., Sioux City Police Officer Dudley Joines observed the defendant, Arturo Guerrero Ramirez, driving without his seat belt fastened and without a functioning license plate illumination light. Officer Joines pulled in behind Ramirez's car and, with his lights and siren, signaled Ramirez to stop. Ramirez steered his car to the side of the street, but before the car came to a stop, Officer Joines saw a plastic baggie being tossed from the passenger-side window of the car. Ramirez finally brought his car to a stop approximately one-third to one-half of a block beyond where the plastic baggie lay. In the process of stopping the car, Officer Joines looked back occasionally to check the area in which the baggie had landed.

The baggie thrown from the Ramirez car was retrieved and found to contain fifteen packages of a white powdery substance. In a subsequent laboratory test, samples of the white powdery substance tested positive for the presence of cocaine. Additionally, the search of Ramirez and his vehicle produced two knives and $530 in cash.

Ramirez was charged with possession of cocaine with intent to deliver. After a bench trial, he was found guilty on that charge. He now appeals from the resulting conviction and sentence. Our scope of review in this case is for the correction of errors at law. Iowa R.App. P. 4.

Ramirez first contends the district court erred in admitting the package of cocaine into evidence arguing the State failed to properly establish its chain of custody. Second, he challenges the sufficiency of the evidence to support his conviction. As his last assignment of error, he contends the sentencing court abused its discretion by imposing the mandatory minimum prison term for drug offenders provided in Iowa Code section 204.413. We affirm.

*I. Chain of Custody.* On Ramirez's first assignment of error, we review for an abuse of the trial court's discretion. *State v. Smith,* 272 N.W.2d 859, 862–63 (Iowa 1978). Evidence will not be admitted unless it is properly identified. *State v. Orozco,* 290 N.W.2d 6, 10 (Iowa 1980). However, only a prima facie showing of the identity of the physical evidence and its connection to the crime need be made. *State v. Collier,* 372 N.W.2d 303, 308 (Iowa App.1985). Part of the necessary identification involves establishing the reasonable probability that tampering or substitution has not occurred. *State v. Hall,* 297 N.W.2d 80, 87 (Iowa), *cert denied,* 450 U.S. 927, 101 S.Ct. 1384, 67 L.Ed.2d 359 (1980); *Orozco,* 290 N.W.2d at 10. It is especially important to establish this fact when dealing with evidence such as drugs, which is highly susceptible to alteration. *Orozco,* 290 N.W.2d at 10; *see State v. Lunsford,* 204 N.W.2d 613, 616 (Iowa 1973). The trial court must determine whether the identification of physical evidence is sufficient in light of the article's nature, the circumstances surrounding

its custody, and the likelihood that an intermeddler has tampered with it. *State v. Mayes*, 286 N.W.2d 387, 391 (Iowa 1979). In reaching its decision, the court may presume that state agents or officials did not tamper with evidence in their custody. *State v. Lamp*, 322 N.W.2d 48, 59 (Iowa 1982). Additionally, when evidence is tested at the criminalistics laboratory, the usual chain of custody need not be demonstrated. Iowa Code section 691.3 (1989) directs the commissioner of public safety to make rules prescribing "a method of identifying, forwarding, handling and returning items that will maintain the identity and integrity of the item." Section 691.3 further provides "An item handled in conformity with the rules shall be presumed to be admissible in evidence as to the period in transit to and from and while in custody of the laboratory without further foundation." In *State v. Smith*, the supreme court stated:

> In order to properly identify a specimen which is the subject of BCI lab analysis, the proponent of the evidence must make a two part showing:
>
> (1) that the proper specimen was either delivered directly to the laboratory or deposited in the mail, properly addressed to the laboratory (including the proper section code); and
>
> (2) that the commissioner's rules regarding the handling of that specimen after such delivery or receipt by mail were met. This part may be shown by reliance on the technician's report itself.

272 N.W.2d 859, 863 (Iowa 1978). The trial court's decision regarding the sufficiency of the showing will be disturbed only for a clear abuse of discretion. *Id.*

Ramirez contends the State made an inadequate chain of custody showing. He claims a break exists in the chain of custody because the State failed to prove if, how, and when the evidence was mailed from the criminalistics laboratory back to the Sioux City Police Department. This break in the chain of custody, he argues, renders the evidence inadmissible. We are unpersuaded.

The record shows that after Ramirez was arrested, Officer Joines took the plastic bag back to the station. At the station the white powdery substance was removed from each individual package and separately placed in individual containers. One of the fifteen packages was selected at random, sealed in a plastic bag, initialed by Officer James Julius, and sent to the State Criminalistics Laboratory. At the laboratory the white powdery substance was tested by criminalist Nila Bremer. Bremer determined the substance weighed 0.19 grams and contained cocaine. She resealed the bag, initialed it, and placed it in the evidence room. The bag was received by the Sioux City Police Department, where it was placed into the evidence room by Officer Julius. At trial, both Nila Bremer and Officer Julius positively identified the bag containing cocaine by appearance and by the presence of their initials. Bremer identified the bag by the laboratory case number as well.

Because the record shows the evidence was sent to the laboratory and handled in conformity with the rules governing the laboratory, the trial court was entitled to presume that during transport to and from the laboratory, and while at the laboratory, the evidence was not tampered with. Furthermore, the trial court was entitled to presume the evidence was not tampered with by state officials while in the laboratory or police department evidence rooms. Because the bag was identified at trial as being the same one tested at the laboratory, it seems reasonably probable that it had been mailed to the Sioux City Police Department from the State Criminalistics Laboratory. This record supports a finding that it is reasonably probable no one tampered with or replaced the evidence. Accordingly, we are unable to find an abuse of the trial court's discretion in admitting the challenged evidence.

*II. Sufficiency of the Evidence.* Ramirez next argues the evidence was insufficient to support his conviction. Specifically, Ramirez argues the record contains insufficient evidence to support a finding that he intended to deliver the cocaine.

On such an assignment of error our standard of review is well settled. A verdict will be upheld when there is substantial evidence to support the charge. *State v. LeGear,* 346 N.W.2d 21, 23 (Iowa 1984). Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984). We consider all the evidence at trial, not just the evidence that supports the verdict. *State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980).

Because the element of intent to deliver is difficult to prove directly, it is often demonstrated with circumstantial evidence. *State v. Olson,* 373 N.W.2d 135, 136 (Iowa 1985). Intent to deliver may be inferred from the quantity of the substance and from the manner in which the substance is wrapped or packaged. *State v. Birkestrand,* 239 N.W.2d 353, 362 (Iowa 1976). Intent to deliver may also be inferred from the presence of large amounts of cash. *See, e.g., State v. Dandridge,* 213 N.W.2d 903, 904 (Iowa 1974).

We find there is substantial record evidence to support a finding that Ramirez possessed a large quantity of cocaine which had been divided and individually packaged into numerous saleable portions. Furthermore, Ramirez was found to have over $500 in cash in his wallet when he was arrested. The trial court was not required to believe Ramirez's explanation. *See State v. Garr,* 461 N.W.2d 171, 174 (Iowa 1990). This evidence is sufficient to convince a rational trier of fact beyond a reasonable doubt that Ramirez is guilty of possession of a controlled substance with the intent to deliver. As such, we find each and every element of the crime for which Ramirez was convicted is supported by substantial evidence.

*III. Sentencing.* Finally, Ramirez argues the trial court abused its discretion in sentencing him to a term of years not to exceed ten years. Ramirez contends that in sentencing him to the mandatory minimum, the trial court failed to consider Iowa Code section 901.10 (1989) which provides the sentencing court may, at its own discretion, sentence a defendant to a term shorter than statutorily provided if mitigating circumstances exist. *See State v. Hill,* 465 N.W.2d 309, 312 (Iowa App.1990). Our review is for an abuse of the trial court's discretion. *State v. Neary,* 470 N.W.2d 27, 29 (Iowa 1991). Because the sentence received by Ramirez falls within the statutory limits, it will be set aside only if the trial court's discretion was exercised on grounds or for reasons "clearly untenable or to an extent clearly unreasonable." *Id.*

We are convinced the sentencing court considered all relevant factors in determining Ramirez's sentence. We find no abuse of the court's discretion.

The costs of this appeal are taxed to the defendant, Arturo Guerrero Ramirez.

For all the reasons stated, the judgment of the district court is affirmed.

AFFIRMED.