# IN THE COURT OF APPEALS OF IOWA

No. 17-0655
Filed September 12, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AKUK ATAK ALEM AKOK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Michael J. Moon, Judge.

        Akuk Akok appeals his convictions for first-degree burglary, assault while participating in a felony, and child stealing.  **AFFIRMED.**


        Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Akuk Akok appeals his convictions for first-degree burglary, assault while participating in a felony, and child stealing. He first contends the trial court abused its discretion in admitting into evidence incriminating messages sent from his Facebook account. He claims the State failed to authenticate the records. Specifically, he argues there was no showing that he created the messages.

We review the trial court's evidentiary rulings for an abuse of discretion. *See State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013). We will reverse only when the district court's decision rests on grounds or on reasons clearly untenable or to an extent clearly unreasonable. *See State v. Redmond*, 803 N.W.2d 112, 117 (Iowa 2011).

Iowa Rule of Evidence 5.901 requires a party seeking to admit evidence to make a sufficient showing that the evidence is what it claims it is. Evidence may be authenticated based on distinctive characteristics, such as its "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Iowa R. Evid. 5.901(b)(4). "Only a prima facie showing of identity and connection to the crime is required. Clear, certain and positive proof is generally not required." *State v. Collier*, 372 N.W.2d 303, 308 (Iowa Ct. App. 1985). Circumstantial evidence is sufficient. *See State v. Hixson*, 227 N.W. 166, 168 (Iowa 1929) ("Authorship of the letter can be established by either direct or circumstantial evidence . . . ."); *State v. Smith*, 193 N.W. 418, 421 (Iowa 1923) (holding that authentication by circumstantial evidence does not affect the admissibility of the evidence). Once the trial court determines this foundational requirement has been met, any speculation to the contrary affects

the weight of the evidence rather than its admissibility.  *See State v. Biddle*, 652 N.W.2d 191, 196-97 (Iowa 2002); *State v. Orozco*, 290 N.W.2d 6, 10 (Iowa 1980).

In admitting the Facebook messages into evidence, the trial court noted that the Facebook messages were sent from the account of a person identifying himself to be Akuk Akok.  The specific messages in the exhibit were sent from an internet protocol address associated with the University of Iowa Hospitals and Clinics during a time when Akok was being diagnosed and treated there.  The court determined this circumstantial evidence was sufficient to make a prima facie showing of authentification.  Because a sufficient prima facie case of authenticity was made, we find no abuse of discretion.

Akok also contends his trial counsel was ineffective in failing to object to testimony concerning his incarceration.  Our review of ineffective-assistance-of-counsel claims is de novo.  *See State v. Halverson*, 857 N.W.2d 632, 634 (Iowa 2015).  We will only address claims of ineffective assistance of counsel on direct appeal when the record is sufficient to decide the issue.  *See State v. Ross*, 845 N.W.2d 692, 697 (Iowa 2014).  We generally preserve such claims for postconviction-relief proceedings where a proper record can be developed.  *See State v. Null*, 836 N.W.2d 41, 48 (Iowa 2013).  A defendant is no longer required show the potential viability of an ineffective-assistance-of-counsel claim to warrant preservation.  *See State v. Johnson*, 784 N.W.2d 192, 197 (Iowa 2010).  If there is a potential that a state of facts may exist on which the defendant could be granted relief, it is our practice to preserve the claim for postconviction relief.  *See id.* (requiring preservation "regardless of the court's view of the potential viability of the claim").  The State concedes the record here is insufficient to allow us to

resolve Akok's ineffective-assistance claim on direct appeal. Accordingly, we preserve it so that the record may be fully developed during postconviction proceedings.

**AFFIRMED.**