**STATE of Iowa, Appellant,**

v.

**Johnathan Phillip HARRIMAN, Appellee.**

No. 93–889.

Supreme Court of Iowa.

March 23, 1994.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., and W. Wayne Saur, County Atty., for appellant.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

PER CURIAM.

The State appeals from the district court order dismissing Johnathan Harriman's criminal prosecution. We reverse and remand.

On December 28, 1992, Johnathan Harriman was arrested for acts that, if proven, would constitute operating a motor vehicle without the owner's consent. Harriman was seventeen years old, and the case was referred to juvenile court services. On January 23, 1993, Harriman turned eighteen.

After an intake interview, the juvenile court officer referred the matter back to the county attorney and requested that the matter be prosecuted in adult court. No one sought a waiver of jurisdiction from the juvenile court pursuant to Iowa Code section 232.45 (1993), however.

On February 16, 1993, fifty days after Harriman's arrest, the State filed a trial information in district court charging Harriman with operating a motor vehicle without the owner's consent in violation of Iowa Code section 714.7.

Harriman filed a motion to dismiss, claiming the State violated his right to speedy indictment under Iowa Rule of Criminal Procedure 27(2)(a). The district court ruled the delay was not excused for good cause and dismissed the case.

The State appeals. Harriman defends the district court ruling on statutory construction grounds. He argues the State's decision not to seek a waiver of jurisdiction from the juvenile court, but rather to wait until he turned eighteen, subjected the State to rule 27(2)(a)'s requirements as applied to adults.

Rule 27(2)(a) provides:

When an adult is arrested for the commission of a public offense, or, in the case of a child, when the juvenile court enters an order waiving jurisdiction pursuant to Iowa Code section 232.45, and an indictment is not found against him within forty-five days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives his right thereto.

By its plain language, rule 27(2)(a) is not applicable in this case. Harriman was never arrested as an adult and the juvenile court never entered an order waiving jurisdiction. The forty-five-day period for indictment never started running. The district court erred in holding an indictment had to be found within forty-five days of Harriman's arrest as a juvenile.

Although we conclude rule 27(2)(a) does not apply in this instance, we note that Harriman still retains the speedy trial rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 10 of Article 1 of the Iowa Constitution. The speedy trial rights afforded by rule 27 are narrower and more restrictive than the constitutional rights afforded by due process. *State v. Bond*, 340 N.W.2d 276, 278 (Iowa 1983). Due process must be provided whether the State brings criminal charges, *see, e.g., State v. McGhee*, 280 N.W.2d 436, 439 (Iowa 1979), or institutes delinquency proceedings, *see, e.g., In re E.P.*, 478 N.W.2d 402, 403–04 (Iowa 1991).

We do not reach the issue of whether Harriman's indictment violated his constitutional rights. *Donovan v. State*, 445 N.W.2d 763, 767 (Iowa 1989) (even constitutional issues must be raised and preserved). We note, however, that there is no indication that any preaccusatorial delay prejudiced Harriman. He was indicted only twenty-six days after the criminal court acquired jurisdiction over the case and only fifty days after his arrest. Iowa Code § 803.1(4).

We reverse the dismissal of the criminal prosecution of Harriman and remand the case to the district court.

**REVERSED AND REMANDED.**