**STATE of Iowa, Appellant,**

v.

**Nile William ISAAC, Appellee.**

**No. 95–15.**

Supreme Court of Iowa.

Sept. 20, 1995.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, and Kevin Parker, County Attorney, for appellant.

Warren Burge, Indianola, and Thomas R. Isaac, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

The State appeals from the dismissal of charges against Nile William Isaac for eluding under Iowa Code section 321.279 (1993). He was arrested while still a juvenile, but not charged until he was eighteen—some 105 days after the offense occurred. In a calendar entry—and without the benefit of a hearing—the district court granted Isaac's motion to dismiss for unnecessary delay in prosecuting the offense.

The State maintains there is no procedural nor constitutional basis for the district court's dismissal order. It raises three issues for our consideration. First, the court erred in dismissing the charges against Isaac under Iowa Rule of Criminal Procedure 27(2)(a) because the rule is inapplicable. Second, no due process violation occurred because there is no evidence of preindictment delay on the State's part. Finally, the charge did not violate Isaac's right to equal protection. After Isaac was charged, he did not belong to a distinctive class, nor did he receive disparate treatment.

We conclude no procedural nor constitutional basis existed for the court's order dismissing the charge against Isaac. We reverse and remand for reinstatement of the charge against him under section 321.279.

I. *Background Facts and Proceedings.*

After a high speed chase, the State arrested Isaac on May 13, 1994, for eluding or attempting to elude a law enforcement vehicle under section 321.279. Isaac was seventeen at the time.

Isaac made an initial appearance in district court on June 17. The court transferred jurisdiction of Isaac's case to juvenile court. Both parties indicate in their briefs that, to the best of their knowledge, no further proceedings took place in juvenile court.

Isaac turned eighteen on July 21. On July 29 the State filed a preliminary complaint and affidavit on the eluding charge against Isaac as an adult.

On August 26 the State filed a trial information against Isaac regarding the charge. Isaac was arraigned August 29. He pleaded not guilty and a trial date of October 24 was set.

Isaac filed a motion to dismiss on October 3, which the State resisted. The court took the motion under advisement. Isaac waived his right to speedy trial, and his trial date was rescheduled to November 30. On December 1 the court sustained Isaac's motion to dismiss via a calendar entry.

The State appeals from the order granting the motion to dismiss.

II. *The Issues.*

As a preliminary matter we note the court dismissed the indictment against Isaac by stating in a calendar entry that "[d]efendant's motion to dismiss is sustained." We infer that this conclusion was based on the arguments Isaac presented in his brief and amended briefs in support of his motion to dismiss. With one concession, he presses those same arguments here.

■ A. *Iowa rule of criminal procedure 27(2)(a).* Iowa Rule of Criminal Procedure 27(2)(a) pertinently provides that

*[w]hen an adult is arrested for the commission of a public offense, or, in the case of a child, when the juvenile court enters an order waiving jurisdiction pursuant to Iowa Code section 232.45, and indictment is not found against him within forty-five*

*days, the court must order the prosecution to be dismissed,* unless good cause to the contrary is shown or the defendant waives his right thereto.

(Emphasis added.) We review challenges to procedural rules for legal error. Iowa R.App.P. 4.

In his brief in support of his motion to dismiss, Isaac argued that under rule 27(2)(a), the State's 105–day delay in filing a trial information on the eluding charge denied him the right to speedy indictment. Under his reading of that rule, the State had 45 days after his May 13 arrest to file a trial information against him as an adult.

Isaac concedes in his brief that his argument in support of his rule 27(2)(a) motion to dismiss contravenes our recent decision in *State v. Harriman,* 513 N.W.2d 725 (Iowa 1994) (per curiam). In *Harriman,* we concluded that rule 27(2)(a) does not apply when (1) a juvenile is never arrested as an adult, and (2) the juvenile court never enters an order waiving jurisdiction. *Id.* at 726.

As the State correctly points out, the facts here are identical to those of *Harriman.* The juvenile court never entered an order waiving its jurisdiction over Isaac. Isaac was still a juvenile at the time of his arrest. He was never arrested as an adult. Under these undisputed facts, Isaac's right to a speedy indictment was never triggered under rule 27(2)(a). *Harriman* precludes rule 27(2)(a) as a basis for the court's dismissal order.

■ B. *Due process.* The federal Constitution prohibits the states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Under the comparable Iowa provision, "no person shall be deprived of life, liberty, or property, without due process of law." Iowa Const. art. I, § 9. Isaac argued in his motion to dismiss and argues here that the State's delay in filing the trial information on the eluding charge denied him the right to due process under the federal and Iowa Constitutions in two particulars. First, the preindictment delay impaired his ability to defend against the charge. Second, the delay denied him the right to a speedy trial.

The State replies that in order for Isaac to prevail under his due process arguments, he must show that the State's delay in charging him was unreasonable and that he was actually prejudiced by the delay. The State believes Isaac has not met this burden. We agree.

Isaac does not present any evidence as to how the delay in charging him was unreasonable or how it actually prejudiced him. He says only that "his ability to present a defense has been hindered with the passage of time. Memories are not as clear and finding witnesses becomes more and more difficult."

■ This vague allegation does not suffice to support a due process challenge. The due process protection in prosecutorial delay cases is available to defendants to make sure the State will not employ tricks to gain an advantage over a defendant. *State v. Hall,* 395 N.W.2d 640, 643 (Iowa 1986). We do not, however, presume impropriety or bad faith on the part of the State. *Id.*

Isaac makes no showing that the State delayed to gain a tactical advantage over him. We will not fill this void in the evidence by presuming otherwise.

Nor does Isaac present any evidence as to how the delay actually prejudiced him. As we said in *Hall,* "[i]f the defendant is asserting witnesses are missing as a result of the delay, he must show the witnesses would have provided material evidence for the defense." *Id.* Isaac makes no such showing here.

We conclude the court could not have sustained Isaac's motion to dismiss on due process grounds.

■ C. *Equal protection.* Under the Fourteenth Amendment to the federal Constitution, "no state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The comparable guarantee under the Iowa constitution states "[a]ll laws of a general nature shall have a uniform operation; the general assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms shall not equally belong to all citizens." Iowa

Const. art. I, § 6. Isaac's final argument in support of his motion to dismiss was that the State's delay in filing the trial information on the eluding charge deprived him of equal protection under the law. He argued that at the time of his arrest for an indictable offense, he belonged to a class of individuals who are subject to adult penalties, but are not offered those rights and protections guaranteed by Iowa and federal law.

He renews this argument here. He states that the protections guaranteed under Iowa Code chapters 802 and 803 (limitation of criminal actions and transfer of jurisdiction from adult court to juvenile court) from "an overly stale criminal charge" are "grossly inadequate" to guarantee a child in his age group at the time an offense occurs the right to a speedy trial. Prosecutors, he says, can simply wait until a juvenile in this age group becomes eighteen to file a trial information for an indictable offense. This, he argues, could be a wait of as much as three years. Isaac maintains children and adults are constitutionally protected from such a possibility under our statutes, while juveniles are wrongly singled out for unequal treatment.

The State retorts that at the time the trial information was filed against him, Isaac did not belong to a distinctive class. The State asserts that even if Isaac did belong to a distinctive class, he failed in his burden of proof.

The fatal flaw in Isaac's argument is that he confuses the time of arrest with the time of indictment. We see no equal protection violation in the prosecutor's delay in filing the trial information against Isaac. As the State points out, Isaac was arrested for a delinquent act while still a juvenile. The mere act of arrest did not subject him to adult penalties. He was charged as an adult only after he turned eighteen. At this point he was not in a position different from that of any other adult defendant charged with a crime. As the State correctly notes, there never was a time when Isaac was subject to adult penalties without also having the same protection that any other similarly situated adult defendant would have received.

The court's order dismissing the charge against Isaac is not sustainable based upon an equal protection violation.

III. *Disposition.*

Isaac concedes that Iowa Rule of Criminal Procedure 27(2)(a) does not apply to him. We conclude the State's 105–day delay in waiting to charge him until he became an adult did not offend Isaac's due process nor equal protection guarantees under the federal and Iowa Constitutions. There was no basis for the district court's order dismissing the charge against Isaac. We reverse and remand for reinstatement of the eluding charge under section 321.279.

**REVERSED AND REMANDED WITH DIRECTIONS.**