# IN THE COURT OF APPEALS OF IOWA

No. 14-0793
Filed January 13, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEANTAY DARELLE WILLIAMS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

        The defendant appeals from the district court's denial of his motion to dismiss for violation of the speedy indictment rule. **REVERSED AND REMANDED WITH DIRECTIONS.**

        Cory Goldensoph, Cedar Rapids, and James M. Metcalf, Waterloo, for appellant.

        Thomas J. Miller, Attorney General, and Alexandra Link, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Our original opinion in this case was vacated when we granted Williams' petition for rehearing. *See* Iowa R. App. P. 6.1204(5).

Deantay Willliams appeals from the district court's denial of his motion to dismiss for violation of the speedy indictment rule. Williams maintains the district court erred in its determination that he was not under arrest for purposes of speedy indictment when he was handcuffed and taken into custody on June 10, 2012. This case is a companion case to *State v. Washington*, No. 14-0792 and *State v. Smith*, No. 14-0812. All cases involve the same general facts and same joint hearing.

Because the circumstances surrounding Williams' interaction with law enforcement would cause a reasonable person in his position to believe an arrest occurred, Williams was arrested for speedy indictment purposes on June 10, 2012. Although he was seventeen years old at the time, we find that the speedy indictment rule applies to Williams, and any trial informations filed more than forty-five days after June 10, 2012, were untimely. Thus, the district court erred by denying Williams' motions to dismiss. Accordingly, we reverse the district court's rulings and remand for entry of dismissal of the charges.

**I. Background Facts and Proceedings.**

On June 10, 2012, Williams was seventeen years old.

On that day, at approximately 5:30 a.m., the Waterloo Police Department received a call reporting a sexual assault. When officers responded, they met with L.M., a fifteen-year-old girl. L.M. advised officers that she and her friend,

J.K., had voluntarily entered a home and began drinking with the occupants but she believed they had later been drugged. L.M. woke up in the basement to one of the males having forcible intercourse with her and remembered two other males also having forcible intercourse with her. She was able to escape, but she left one of her sandals and her leggings. She advised officers that she believed J.K., also fifteen years old, was still in the basement of the home.

L.M. was able to direct the officers to the residence before she was taken to an area hospital for evaluation. During the course of investigation, the officers learned the house was a known gang residence. At approximately 7:30 a.m., the officers forced entry into the residence with a tactical team of eight officers—some armed with assault rifles. All persons in the residence were ordered to the floor at gunpoint.

Williams had been seen by other officers leaving the residence approximately fifteen minutes prior to their entry. He was detained by officers, handcuffed, and placed in a Waterloo Police Department squad car.

The officers located J.K. in the basement of the residence. They also found several dirty mattresses and used condoms, as well as the leggings and sandal L.M. had described.

Williams was transported to the Waterloo Police Department in a squad car. Once there, he was placed in an individual interrogation room, and his handcuffs were removed. He was read his *Miranda* rights. Williams admitted to having intercourse with the juveniles but maintained it was consensual. He consented to buccal and penile swabs.

After the swabs were obtained, Williams was released. No charges were filed at the time, and no bonds or conditions were placed upon his release.

On November 1, 2013, Williams was charged by trial information with two counts of sexual abuse in the second degree, in violation of Iowa Code section 709.3(3) (2011). The offenses were alleged to have been committed against L.M. and J.K. on June 10, 2012. Williams was eighteen years old at the time the trial information was filed.

Williams and his codefendants, Smith and Washington, each filed a motion to dismiss the charges against him. A combined hearing was held on March 27, 2014.

On April 14, 2014, the district court denied each of the defendants' motions to dismiss. The court stated, "Given the circumstances involving the defendants herein, the court determines that a reasonable person would have believed an arrest occurred on the morning of June 10, 2012." The court determined "[t]he arrests of the defendants by the Waterloo Police Department . . . triggered all rights and protections guaranteed by the Fourth Amendment and Fourteenth Amendment of the United States Constitution." However, the district court held that "no arrest for a public offense occurred which would have triggered the speedy indictment requirement of rule 2.33(2)(a)." In addition, the court stated:

> The court further notes that June 10, 2012, defendant Williams was under the age of 18 years. Due to the court's determination that the defendants were not arrested for commission of a public offense, the fact that defendant Williams was a juvenile on June 10, 2012, does not affect the court's ruling herein.

On May 22, 2014, the State filed a second trial information, charging Williams with one count of kidnapping in the first degree, two counts of conspiracy to commit sexual abuse in the second degree, and two counts of sexual abuse in the third degree. Williams filed a second motion to dismiss, which the district court denied.

Williams filed an application for discretionary review for each of the district court's denials of his motions to dismiss. He asked that the appeals be consolidated. Our supreme court granted the applications, consolidated the cases, and transferred them to us.

## II. Standard of Review.

"We review a district court's decision regarding a motion to dismiss for lack of speedy indictment for correction of errors at law." *State v. Wing*, 791 N.W.2d 243, 246 (Iowa 2010). "We are bound by the findings of fact of the district court if they are supported by substantial evidence." *Id.*

## III. Discussion.

"Iowa's speedy indictment rule ensures the enforcement of the United States and Iowa Constitutions' speedy trial guarantees, which assure the prompt administration of justice while allowing an accused to timely prepare and present his or her defense." *State v. Utter*, 803 N.W.2d 647, 652 (Iowa 2011). Iowa's speedy indictment rule is codified in Iowa Rule of Criminal Procedure 2.33(2)(a), which provides:

> When an adult is arrested for the commission of a public offense, or, in the case of a child, when the juvenile court enters an order waiving jurisdiction pursuant to Iowa Code section 232.45, and an indictment is not found against the defendant within 45 days, the

> court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

The term indictment, as used in the rule, includes a trial information. Iowa R. Crim. P. 2.5(5); *see also State v. Schuessler*, 561 N.W.2d 40, 41 (Iowa 1997).

Unlike his codefendants, Williams was a minor on June 10, 2012. At seventeen years old, he was not an "adult" and generally would not be considered "arrested for the commission of a public offense." *See* Iowa R. Crim. P. 2.33(2)(a). However, because the defendant was sixteen or older and allegedly committed a forcible felony, the violations were excluded from juvenile court jurisdiction. *See* Iowa Code § 232.8(1)(c) ("Violations by a child, aged sixteen or older, which . . . constitute a forcible felony are excluded from the jurisdiction of the juvenile court and shall be prosecuted as otherwise provided by law unless the district court transfers jurisdiction of the child to the juvenile court upon motion and for good cause pursuant to section 803.6."); *see also id.* § 702.11(1) ("A '*forcible felony*' is any felonious child endangerment, assault, murder, sexual abuse, kidnapping, robbery, arson in the first degree, or burglary in the first degree."). In other words, "the juvenile court" did not "enter an order waiving jurisdiction pursuant to Iowa Code section 232.45." *See* Iowa R. Crim. P. 2.33(2)(a).

This case is similar to *State v. Harriman*, 513 N.W.2d 725, 726 (Iowa 1994). In *Harriman*, the defendant was seventeen years old when he was arrested for operating a motor vehicle without the owner's consent. 513 N.W.2d at 726. Fifty days after his arrest, the defendant—who had since turned

eighteen—was charged in "adult court." *Id.* The defendant maintained the trial information was filed in violation of the speedy indictment rule,[1] and the district court dismissed the case. *Id.* Our supreme court found that the district court erred, stating:

> By its plain language, rule [2.33(2)(a)] is not applicable in this case. Harriman was never arrested as an adult and the juvenile court never entered an order waiving jurisdiction. The forty-five-day period for indictment never started running. The district court erred in holding an indictment had to be found within forty-five days of Harriman's arrest as a juvenile.

*Id.* Based on this application of the principles in *Harriman*, juveniles whose violations are excluded from the jurisdiction of the juvenile court are not afforded the protection of the speedy indictment rule.

However, six years after *Harriman*, our legislature amended Iowa Code section 232.8 to include paragraph (1)(c) which provides, in part, that juveniles facing a forcible felony "shall be prosecuted as otherwise provided by law unless the court transfers jurisdiction of the child to the juvenile court upon motion and for good cause." Although *Harriman* remains authoritative as the law then existed, the 2000 legislative amendment clearly imposed the same law and procedures upon minors who are sixteen years of age or older as adults. We conclude since a minor is subject to the adult penalties, the "same law and procedures" must reasonably be interpreted to include the speedy indictment rule. Accordingly, we are compelled to apply the law as it now exists and conclude the speedy indictment rule applies to Williams.

---

[1] At the time, the speedy indictment rule was codified as Iowa Rule of Criminal Procedure 27(2)(a). Although the number of the rule has since changed, the language of the rule is the same.

As it did with his codefendants, the State concedes that the circumstances surrounding the officers' seizure of Williams "appear to compel a finding of arrest" that triggers speedy indictment protection under *Wing*. We agree. The circumstances surrounding Williams' interaction with law enforcement would cause a reasonable person in his position to believe an arrest for a forcible felony occurred, triggering the protections of the speedy indictment rule.

**IV. Conclusion.**

Because the circumstances surrounding Williams' interaction with law enforcement would cause a reasonable person in his position to believe an arrest occurred, Williams was arrested for speedy indictment purposes on June 10, 2012. Although he was seventeen years old at the time, we find the speedy indictment rule applies to Williams, and any trial informations filed more than forty-five days after June 10, 2012, were untimely. Thus, the district court erred by denying Williams' motions to dismiss. According, we reverse the district court's rulings and remand for entry of an order of dismissal of the charges.

**REVERSED AND REMANDED WITH DIRECTIONS.**