# IN THE COURT OF APPEALS OF IOWA

No. 15-0888
Filed October 11, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KIRSTEN MARIE CARNEY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes,

Judge.


Kristen Carney appeals her convictions for drug-related charges.

**AFFIRMED.**


G. Brian Weiler, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.


Heard by Danilson, C.J., Doyle, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**GOODHUE, Senior Judge.**

Kristen Carney was found guilty of eleven counts of drug-related charges. Carney appeals. We affirm.

## I.      Background Facts and Proceedings

Carney's vehicle was stopped by the police on October 8, 2013, based on their knowledge that her operator's license had been suspended. Her car was searched, and numerous bottles of prescription pills, as well as multiple paper prescriptions for the pills, were found. A search warrant was obtained for Carney's home, and more prescribed pills—as well as 113 paper prescriptions— were found, some of which law enforcement determined had been forged.

On October 9, a complaint was filed that included six drug-related charges, which were alleged to have taken place on October 8, 2013. On November 13, the State moved to dismiss the charges "in the interest of justice," alleging, "New information has come to light regarding the defendant's involvement in obtaining additional fraudulent prescriptions" and "subpoenas have been issued to gather documentation reflecting further criminal acts committed by the defendant." The motion to dismiss was granted on the same day it was filed, based on the assertions of the State and without any type of hearing or notice to Carney.

On March 20, 2014, the State filed a trial information charging Carney with fifteen drug-related offenses. Carney filed a motion to dismiss for violation of her speedy-trial and speedy-indictment rights, as well as her due-process rights to be heard on the initial dismissal. She maintained the State should be barred from refiling the charges. A motion to suppress certain evidence was filed with the

notice to dismiss. Both requests were denied, but the motion to suppress was not included in Carney's brief on appeal.

An evidentiary hearing on the motion to dismiss the new charges was held. Four of the original fifteen counts were dismissed by the State for various reasons. The parties then stipulated that Carney would go to trial before the court on the basis of the minutes of evidence attached to the trial information. Carney was found guilty on all eleven counts remaining.

Carney contends the State did not establish the prior dismissal was made in the interest of justice but was instead filed to evade the speedy-trial deadline. Carney also contended the dismissal of the prior charges without notice to her was a denial of her due-process rights.

## II.     Issue Preservation

The State does not contest error preservation as to either issue.

## III.     Issues Presented

### A. *Whether Dismissal Was Made in the Interest of Justice or to Evade the Speedy-Trial Rights*

#### 1. Scope of Review

Our review of a State's motion to dismiss the original charge under the authority of Iowa Rule of Criminal Procedure 2.33(1) is for an abuse of discretion. *See State v. Brummage*, 435 N.W.2d 337, 341 (Iowa 1989) (citing what was then rule 27(1)). An abuse of discretion exists only when the court's discretion is exercised on grounds clearly untenable or unreasonable. *Id.*

Our review of the motion to dismiss the second charge for lack of speedy trial or speedy indictment is for errors of law. *State v. Lyrek*, 385 N.W.2d 248,

250 (Iowa 1986). As such, we are bound by the findings of fact made by the trial court if supported by substantial evidence. *Id.*

### 2. Discussion

Dismissal of a criminal charge can be made in the "furtherance of justice" if the reasons are stated in the order. Iowa R. Crim. P. 2.33(1). Such a dismissal is not a bar to a subsequent prosecution if the offense charged is an aggravated misdemeanor or a felony. *Id.* This is true even if the new charge is identical to the original charge and no new evidence has been obtained or other charges filed, as long as the dismissal was filed in good faith. *State v. Knox*, 464 N.W.2d 445, 446 (Iowa 1990). Each of the charges for which Carney was found guilty is either an aggravated misdemeanor or a felony. However, if the dismissal of the October charge was to avoid dismissal under the speedy-trial rules rather than in the "interests of justice," felonies and aggravated misdemeanors are also barred. *See State v. Moritz*, 293 N.W.2d 235, 238 (Iowa 1980) (citing *State v. Johnson*, 217 N.W.2d 609, 612 (1974)). To hold otherwise would drain the speedy-trial rights of an accused of any meaning. *See Johnson*, 217 N.W 2d at 612.

The State requested the motion to dismiss based on the belief there were additional fraudulent prescriptions. The State asked for dismissal without prejudice pending further investigation. The "furtherance of justice" for purposes of the rule has been defined to include facilitating the State in gathering additional evidence. *State v. Fisher*, 351 N.W.2d 798, 801 (Iowa 1984). The State did do further investigation, and other charges were filed. Subpoenas were issued, and the records of all prescriptions filled by various pharmacies for Carney was obtained. The physicians who allegedly wrote the prescriptions

were interviewed. One of the doctors denied Carney was ever a patient in his practice. The second doctor eventually found time to be interviewed and went through the written prescriptions obtained from the pharmacy on an individual basis to determine which ones she had signed and which ones had been forged.

The district court, in refusing to dismiss the March 20 trial information, applied the abuse of discretion standard to the original dismissal and found the court did not abuse its discretion in granting the motion to dismiss. The trial court specifically found, "The State was not acting in bad faith and had a valid reason to dismiss the case." The trial court's finding of fact is supported by substantial evidence.

### B. Denial of Due-Process Rights

#### 1. Scope of Review

Denial-of-due-process claims are reviewed de novo. *State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013).

#### 2. Discussion

Carney contends her due-process rights were violated when the original charge was dismissed without notifying her prior to dismissal. The rule permitting the prosecution to dismiss a case in the "furtherance of justice" with the court's approval does not require any notice to the accused when the dismissal is requested by the prosecution. Iowa R. Crim. P. 2.33(1). However, if the dismissal is proposed by the court, then a fair opportunity for each side to be heard must be afforded. *Brummage*, 351 N.W.2d at 340.

Carney was given the opportunity to be heard on the initial dismissal when she moved to dismiss the new charges that are before us for review. It is the

alleged refiling or new filing of charges that is Carney's real complaint, not the dismissal of the October 8 charges. Carney had the opportunity to object to the March 20 filing and did so by filing a motion to dismiss the new charges.

Carney also relies on the Iowa Rules of Criminal Procedure to support her claim she should have received notice of the motion. She cites rule 2.27(1), which requires a defendant to be present at all pretrial proceedings. If a motion to dismiss is not granted, it cannot prejudice the defendant in any way. If the motion to dismiss is granted, there is no case pending once the motion has been granted. Once again, the defendant's rights have not been prejudiced.

Carney also cites rule 2.34(2), which requires all motions in a criminal action be served in the same manner as civil actions. Carney notes that Iowa Rule of Civil Procedure 1.442(1) requires that "every written motion including one which may be heard ex parte" requires service on the other party. However, there is one clear exception. Iowa Rule of Civil Procedure 1.943 provides that a plaintiff may dismiss a petition "without order of court . . . at any time up until ten days before the trial is scheduled to begin." There is not even a requirement of court approval when a civil petition is dismissed by the plaintiff.

"The due process protection in prosecutorial delay cases is available to a defendant to make sure the State will not employ tricks to gain an advantage over a defendant." *State v. Isaac,* 537 N.W.2d 786, 788 (Iowa 1995). To raise a due-process claim, Carney must show the delay was unreasonable and actually prejudicial. *See id.* She has shown neither. The hearing was held pursuant to her motion, and she had a full opportunity to press her claim, as stated previously. Carney can hardly object to the dismissal of the initial charge. In

reality, her objection is to the new charge. The trial court's denial of the motion to dismiss is affirmed.

**AFFIRMED.**