## IN THE COURT OF APPEALS OF IOWA

No. 20-0320
Filed May 26, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES NICHOLSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Henry County, Mary Ann Brown,

Judge.

A defendant appeals his conviction for maintaining a premises for drugs.

**AFFIRMED.**

William (Bill) Monroe of Law Office of William Monroe, Burlington, for

appellant.

Thomas J. Miller, Attorney General, and Richard Bennett, Special Counsel,

for appellee.

Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

James Nicholson appeals his conviction for maintaining a premises for drugs. He asserts a violation of his right to a speedy indictment and the due process guarantee against prosecutorial delay. Because Nicholson failed to preserve error on his claims, we affirm his conviction.

A procedural history will help frame his issues. In fall 2016, police executed a search warrant at Nicholson's home and discovered marijuana plants. Nicholson was arrested and charged with manufacture of marijuana, possession with intent to deliver marijuana, and failure to affix a drug tax stamp, in criminal case number FECR007424. The court dismissed those charges in July 2018 on speedy trial grounds. Five months later, the State filed a trial information charging Nicholson with the current offense. *See* Iowa Code § 124.402(1)(e) (2016). This charge arose from evidence collected in the same fall 2016 search.

On December 11, 2018, the county sheriff served Nicholson with a copy of the trial information and order setting arraignment for January 2, 2019. The sheriff did not arrest Nicholson. Nicholson requested appointed counsel, which the court ordered. The court continued the arraignment to January 16, then to January 30, then to February 6. On that third date, Nicholson filed a written plea of not guilty and demanded a speedy trial. Two days later, he waived speedy trial and moved to continue the February 12 trial date. The court granted the continuance.

In March, Nicholson challenged the search warrant in a motion to suppress.[1] The court denied his suppression motion in June and scheduled trial for October. On the State's motion, the court continued the trial for a month. The State asked for another continuance in November. The court denied that motion, reasoning, "This case has been on file for 11 months. It is time to bring it to a close." But two days later, the court reconsidered: "For good cause shown and without objection by the defendant, the trial in this matter is continued." The court ordered: "Counsel for the parties shall contact the case coordinator and obtain a trial date that meets the requirements of the speedy trial rules. . . . The court will not continue this trial again."

True to its word, the court held a jury trial in January 2020. Before jury selection, the State moved to delete language from the trial information. It had charged that Nicholson "did unlawfully and willfully keep any premises for possessing and manufacturing a [s]chedule I controlled substance." The State asked to remove the words "and manufacturing" from the charging document. The defense agreed the statute did not reflect the manufacturing language. But the defense objected to the amendment, arguing it had "no way of knowing" whether the judge approved the information based on the inclusion of manufacturing. The court allowed the deletion. The jury found Nicholson guilty as charged. The court sentenced him to one year incarceration and suspended all but thirty days.

---

[1] The motion was inadvertently filed under the previous case number, FECR007424, but "recast" into the new case.

Nicholson appeals, raising two issues.[2]  First, Nicholson argues the district court should have dismissed the charge for maintaining a premises for drugs because the State violated his right to a speedy indictment.[3]  He asserts this prosecution stemmed from the fall 2016 arrest and his initial appearance in that case triggered the speedy-indictment clock.  Nicholson recognizes his argument may clash with *State v. Williams*, 895 N.W.2d 856, 865 (Iowa 2017), which held an "arrest" for speedy-indictment purposes is complete "[o]nce the arrested person is before the magistrate" for an initial appearance.  But he argues the analysis in *Williams* is flawed.[4]  Second, Nicholson contends the State caused an impermissible delay in the prosecution, which inhibited his defense.[5]

The State argues Nicholson waived his claims by not urging them at trial. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided

---

[2] In his brief, Nicholson makes several references to the right to a speedy trial.  But he does not present an argument that the State violated the ninety-day rule.  *See* Iowa R. Crim. P. 2.33(2)(b).  Thus, we do not read his brief as raising a separate claim under that subparagraph.

[3] The speedy-indictment rule states:

> When an adult is arrested for the commission of a public offense, . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

Iowa R. Crim. P. 2.33(2)(a).

[4] Nicholson asked our supreme court to retain this appeal to reconsider *Williams*.  But the court transferred the case to us.

[5] Nicholson refers to a due process violation, but he does not cite the constitutional provisions protecting that right.  *See State v. Isaac*, 537 N.W.2d 786, 788 (Iowa 1995) (citing U.S. Const. amend. XIV, § 1 and Iowa Const. art. I, § 9).  He instead cites the constitutional speedy-trial provisions.  *See* U.S. Const. amend. VI and Iowa Const. art. I, § 10.

by the district court before we will decide them on appeal."). Anticipating the State's waiver argument, Nicholson offers two excuses for not preserving error. First, he points to his effort to overturn *Williams*. He contends that because the district court had to follow *Williams*, a motion to dismiss would have been futile. He relies on a passage from that case, suggesting "it would make little sense to require a party to argue existing law should be overturned before a court without the authority to do so." *See Williams*, 895 N.W.2d at 860 n.2. His reliance is misplaced. That footnote addressed the appellee-State's decision to argue in the supreme court for reversal of existing case law when it did not do so in the district court. That footnote does not allow an appellant-defendant to seek dismissal for the first time on appeal.

Alternatively, Nicholson maintains we should consider error preserved because trial counsel objected to amending the trial information to delete the word manufacturing—a remnant of the prior case. According to Nicholson,

> the issue of this prior case was something the [t]rial [c]ourt considered and took into account in this case and therefore error as to whether the [t]rial [c]ourt should have summarily dismissed this case as violating [a]ppellant's right to speedy indictment under Iowa Rule of Criminal Procedure 2.33(2) should be considered as preserved.

But the district court's awareness of the earlier prosecution does not relieve Nicholson from the burden of preserving error. True, a district court may apply to dismiss a prosecution on its own motion under rule 2.33(2). But it must afford both sides fair notice of its intent to do so. *Cf. State v. Brumage*, 435 N.W.2d 337, 340 (Iowa 1989) (discussing dismissals "in furtherance of justice"). Yes, the district court mentioned speedy-trial concerns in setting the trial date. But it did not

consider dismissing under the speedy-indictment rule. And Nicholson did not bring that issue to the court's attention when it could have taken corrective action. *See State v. Krogmann*, 804 N.W.2d 518, 524 (Iowa 2011). Nor did he argue the prosecution was so delayed that it inhibited his defense. "We cannot 'review' an issue unless it was raised in the trial court." *State v. Holbrook*, 261 N.W.2d 480, 482 (Iowa 1978); *see also Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). Because we have nothing to review, we affirm the conviction.

**AFFIRMED.**